GRIMES, Chief Judge.
This is an appeal from an order striking the claims of appellant S. J. Landau Corporation against the Estate of Daniel J. Ries-ner.
In 1971 Mr. Riesner entered into a five year lease of property in New York City *1135 from Landau. Upon Mr. Riesner’s death on April 5, 1973, the Circuit Court of Sarasota County appointed appellee executrix of his estate. On August 13, 1973, Landau timely filed a claim against the estate asserting defaults in rent and claiming rentals under the lease of $226,086.97 for the balance of the term. The executrix filed a timely objection to the claim. In the meantime Landau filed suit in New York against the executrix seeking to recover the rentals under the lease.
Thereafter, the parties reached an agreement to settle the New York litigation. The executrix filed a petition in the Florida court requesting approval of a memorandum of understanding which provided for the entry of a New York final judgment on consent in favor of Landau in the sum of $46,349.27 and the recognition of this judgment by the executrix as a valid claim against the estate for rent through June 30, 1974. While the judgment provided for the removal of the executrix as a tenant, the terms of settlement specified that Landau did not waive any claims for rentals which might be due under the lease subsequent to June of 1974. On September 12, 1974, the court entered an order approving the settlement which stated:
The executrix shall recognize said judgment as a claim against the estate under the terms and conditions contained in the aforesaid petition and the attachments thereto upon the filing of a certified copy reflecting that the same judgment has been entered by the civil court in and for the City of New York.
The New York court later entered judgment, and a certified copy was filed in accordance with the Florida court’s order.
On January 12, 1976, Landau filed another claim against the estate for rent due under the lease from July 1, 1974, to August 31, 1975. The executrix timely filed an objection to the new claim, but Landau did not file suit on the new claim. Indeed, Landau never brought an action in Florida upon either of its claims, and the estate never paid any money to Landau. On July 18, 1978, the executrix petitioned for a determination of the status of Landau’s claims asserting that each had lapsed by reason of the passage of time. The court struck not only the second claim but also the original claim for $46,349.27. The following portion of the court’s order reflects the reasons for its holding.
[I]t appearing to the Court that action on the first claim of S. J. Landau Corporation was commenced in New York State- and that the same was on stipulation dismissed and that no further action was commenced thereafter as required by Florida Statute 733.18, requiring the claimant to file suit within sixty (60) days from date of objection and, therefore, the court has jurisdiction to strike the claim and further, no other proceedings for the enforcement or compulsory payment of such claim within the requisite three year period for such action was commenced, and that the second claim of S. J. Landau Corporation was not timely filed and was properly objected to;
In reviewing this order, we shall consider the claims separately.
FIRST CLAIM
Section 733.18(2), Florida Statutes (1971), which was then in effect, specified that a claimant must file suit on his claim within two months from the filing of a timely objection. The statute contained no requirement that the suit be filed in Florida. Hence, Landau’s action in New York constituted sufficient compliance with this requirement. Moreover it can hardly be said that the parties stipulated to the dismissal of the New York action since that suit culminated in a judgment in favor of Landau.
The court’s mention of the three year period for taking action referred to Section 733.211(1), Florida Statutes (1971), which read as follows:
(1) Whenever anyone shall have filed a claim against any estate in any probate proceedings in this state, in accordance with this chapter, and which claim has not had objection filed thereto or has not been paid, settled or otherwise disposed *1136 of and no proceeding is pending for the enforcement or compulsory payment thereof, then at the expiration of three years from the date such claim is filed such claim shall be forever barred and foreclosed and have no further force or effect and no proceeding or action shall thereafter ever be brought for enforcement or payment of same. This section shall not affect the lien of any duly recorded mortgage or the lien of any person in possession of personal property or the right to foreclose and enforce such mortgage or lien.
Under the wording of the statute, the three year limitations period was not applicable where a claim had been “settled or otherwise disposed of.” We believe that the approval of the settlement of the New York litigation and the recognition of the New York judgment constituted a settlement for purposes of this statute. By its specific terms, the settlement agreement did not require the executrix to pay the judgment until the administration had been completed and it was determined that there were enough assets to do so. Hence, there would have been no purpose for Landau to commence further proceedings in Florida within the three year period. Therefore, we hold that Landau has a valid claim against the estate for $46,349.27 payable according to the terms of the settlement.
SECOND CLAIM
Landau’s second claim stands on a different footing. Even if we were to assume that Landau timely filed the claim of January 12, 1976, as a supplement to its prior claim, the executrix properly objected to the new claim and Landau did not bring suit within two months of the objection. Hence, the second claim was barred by Section 733.18(2).
Accordingly, we reverse that portion of the order striking Landau’s claim for $46,-349.27. Otherwise, the order stands affirmed.
BOARDMAN and SCHEB, JJ., concur.