GREEN, OLIVER L., Jr., Associate Judge.
Presented here is the issue of whether, after service of an objection to a timely filed claim against an estate, an independent action was filed within the time limitations of Section 733.705(3), Florida Statutes (1979).[1]
Charles I. Poulsen, Jr., and Woodrow H. Buss were on a hunting trip in Wyoming in November, 1977, when Mr. Poulsen was killed, allegedly as a result of the negligence of Mr. Buss. Some time later, Mr. Buss, a resident of Palm Beach County, died from unrelated causes. Probate of his estate was commenced, with the First National Bank in Palm Breach and Virginia Buss as personal representatives of his estate. Mrs. Poulsen, as personal representative of her deceased husband’s estate, timely filed a claim against the Buss estate, to which an objection was filed on July 30, 1979. Within thirty days thereafter, Mrs. Poulsen, in her representative capacity, filed a wrongful death action in the state court of Wyoming, naming as defendants the personal representatives of the Buss estate. When it became apparent that the First National Bank in Palm Beach would assert its venue privilege under 12 U.S.C. § 94, but before *339 the Wyoming suit was dismissed on that basis, Mrs. Poulsen filed the present wrongful death action in the civil division of the circuit court of Palm Beach County. At the same time, she filed a petition in the Buss estate which, after hearing, resulted in the judge of the probate division entering the following order, dated November 6, 1979:
This matter came on for hearing upon the Petition filed by MARJORIE ANN POULSEN, as Personal Representative of the Estate of Charles I. Poulsen, Jr., Deceased, for the approval of the filing of an independent action for relief under Florida Statute 733.705(3), and the Court having heard argument of counsel, and being otherwise advised in the premises, it is
ORDERED AND ADJUDGED that the filing of the independent action by MARJORIE ANN POULSEN, Personal Representative of Charles I. Poulsen, Jr., Deceased, Plaintiff, vs. FIRST NATIONAL BANK IN PALM BEACH, and VIRGINIA BUSS, Personal Representatives of Woodrow H. Buss, Deceased, and CAMBRIDGE MUTUAL FIRE INSURANCE COMPANY, Defendants, on October 31, 1979 in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, being Case No. 79-811 CP 06, be and the same is hereby approved and allowed for the reason that an appropriate independent action was timely filed by claimant in the State of Wyoming where it is now pending and the filing of the independent action in Florida is proper to protect claimant’s position against operation of the Florida statute of limitation in the event the action in Wyoming is finally dismissed on the basis of venue under 12 United States Code 94.
As anticipated by the parties, in January, 1980, the Wyoming court, acting on the bank’s motion under the national bank venue statute, dismissed the Wyoming wrongful death action. Subsequently, on defendants’ motion, the Circuit Court of Palm Beach County, Civil Division, dismissed with prejudice appellant’s wrongful death suit pending there on the basis of Section 733.705(3), Florida Statutes (1979), that suit having been filed more than 30 days after objection to Mrs. Poulsen’s claim.
In their respective briefs the parties disagree as to the nature and purpose of the order entered by the probate division under date of November 6, 1979. Appellant argues that the probate order was an extension of time within which to file suit for good cause shown, citing authority for the proposition that the power to extend beyond 30 days the time for filing suit vests in the probate division, rather than the civil division, Ponder v. State, Department of Health and Rehab. Serv., 284 So.2d 463 (Fla. 3d DCA 1973), and that the discretion to extend the time may be exercised even after the 30 day period had expired, In re Kemp’s Estate, 177 So.2d 757 (Fla. 1st DCA 1965). Appellees, on the other hand, while apparently conceding that if, indeed, the probate division order had been the grant of an extension of time within which to file an independent action, the dismissal of the wrongful death action would have been error, nonetheless argue that the probate order was not an extension of time to file suit for good cause shown. Rather (appellees say) it was simply an advisory opinion of the probate division judge that the filing of the wrongful death action in Wyoming satisfied the 30 day requirement of the first sentence of Section 733.705(3). Alternatively, appellees argue that the probate court order was an advisory opinion that the filing of the wrongful death action in Florida protected plaintiff’s position with respect to the Florida wrongful death statute of limitations, or was an advisory opinion that the Florida wrongful death action was properly filed in the civil division instead of the probate division.
On the basis of the record in this case we conclude that appellant’s version is by far the more logical and the one which we would adopt were it necessary for us to determine the nature or intent of the probate division order of November 6, 1979. However, our decision does not require that we make that determination. We hold that the filing of the independent action in Wyoming within 30 days after objection filed to *340 the claim,[2] was a timely filing within the first sentence of Section 733.705(3). S. J. Landau Corp. v. Estate of Riesner, 372 So.2d 1134 (Fla. 2d DCA 1979).
We have no difficulty in so holding. Had the personal representative of the Buss estate. been any entity other than a national bank entitled to claim the venue privilege of 12 U.S.C. § 94, or had the First National Bank in Palm Beach waived its venue privilege or consented to be sued in the Wyoming state court, no one would question the timeliness of the action. Had the independent action been filed in the Federal District Court of Wyoming rather than the state court, upon the First National Bank in Palm Beach asserting its venue privilege the action likely would have been transferred to the Federal District Court for the Southern District of Florida rather than being dismissed. The mere fortuitous happening that one of the personal representatives of the defendant estate should be a national bank with its principal offices in Palm Beach County, Florida, ought not, standing alone, prevent the timely filed action in the Wyoming state court from being a full and adequate compliance with the time limitations of Section 733.705(3).
While we are not unmindful of the appel-lees’ argument that the entire structure for orderly and expeditious processing of claims could be destroyed by permitting the filing of an independent action in another jurisdiction, we are not persuaded. Nothing in the statute requires that the independent action be filed in the geographical limits of the State of Florida. Certainly, there is no reason to view this case and our holding here as a weakening of the orderly and expeditious processing of claims against an estate where, as here, the “claim” was processed by the prompt and timely filing of an independent action in Wyoming which, but for the national bank’s claim of its venue privilege, presumably would have proceeded to a prompt disposition. Even the refiling of the case in Palm Beach County was within approximately two months of the time within which the independent action was required to have been initially filed, so that there is no discernable prejudice to defendants, nor an unreasonable delay in the orderly and expeditious processing of the claim.
The order dismissing the complaint with prejudice is reversed and this cause remanded for further proceedings.
REVERSED AND REMANDED.
BERANEK, J., and OWEN, WILLIAM C., Jr., (Retired) Associate Judge, concur.

. The relevant portion of the statute provides:
(3) The claimant shall be limited to 30 days from the date of service of an objection within which to bring an independent action upon the claim. For good cause, the court may extend the time for filing an objection to any •claim or the time for serving the objection, and may likewise extend the time for filing an action or proceeding after an objection is filed.... No action or proceeding shall be brought against the personal representative after the time limited above.

. Because this case was decided by the trial court on appellees’ “speaking motion” to dismiss, the record béfore us does not disclose that the independent action initially filed in Wyoming was, in fact, filed within 30 days of the objection to the claim. However, all parties concede in their respective briefs that this is a fact.