**George B. LIDDY, Plaintiff-Appellee,**

v.

**Lawrence W. URBANEK,
Defendant-Appellant.**

**No. 82–5141.**

United States Court of Appeals,
Eleventh Circuit.

June 20, 1983.
Rehearing Denied Sept. 1, 1983.

Patrice A. Talisman, Daniels & Hicks, Sam Daniels, Miami, Fla., for defendant-appellant.

Joel D. Kenwood, Boca Raton, Fla., Larry Klein, West Palm Beach, Fla., for plaintiff-appellee.

Before RONEY and HILL, Circuit Judges, and MORGAN, Senior Circuit Judge.

LEWIS R. MORGAN, Senior Circuit Judge:

George Liddy, plaintiff-appellee, and Lawrence Urbanek, defendant-appellant, formed Boca Raton Land Development Incorporated (BRLD), under the laws of Florida in 1973. The articles of incorporation listed Liddy as president and Urbanek as secretary-treasurer. The two men served as the only directors and each owned fifty percent of the outstanding stock upon formation of the company. In 1979, Liddy filed this action in the District Court for the Southern District of Florida claiming in five separate counts that Urbanek had wasted and converted the assets of their corporation. The complaint recited that the suit was a stockholder's derivative action brought under Rule 23.1 of the Federal Rules of Civil Procedure and that jurisdiction was based on the diversity of citizenship of the parties. Liddy is a citizen of New Jersey and Urbanek is a citizen of Florida. The corporation was not named as a party to the suit. After extensive discovery, Liddy moved for summary judgment on the issue of liability in four of the five counts. Urbanek did not oppose the motion, and the district court granted it. Liddy then abandoned the claim in the fifth count of his complaint, and the case proceeded to trial on the issue of damages. The jury returned an award in favor of Liddy for over $480,000 compensatory and over $700,000 punitive damages.

In this appeal, Urbanek argues that the case must be dismissed for lack of jurisdiction.[1] He claims that BRLD, a Florida corporation, was an absent indispensable party which should have been named as a plaintiff, and thus diversity jurisdiction does not exist.[2] We agree with this argument and remand the case with instructions to dismiss.

---

1. Urbanek also challenges the district court's decision to grant Liddy's motion for summary judgment and the propriety of the jury's award, but because of our decision on the jurisdictional issue we need not consider these questions.

2. Urbanek did not raise below the issue of whether the corporation was an absent indispensable party, and the district court failed to notice the error. The defense is not waived by failure to raise it at trial, however, and the question can be considered for the first time on appeal. *Kimball v. Florida Bar,* 537 F.2d 1305 (5th Cir.1976). Unfortunately, the failure to raise the issue below has resulted in a tremendous waste of the district court's time and effort.

■ There is no question that a corporation is an indispensable party in a derivative action brought by one of its shareholders. *City of Davenport v. Dows,* 18 Wall. 626, 21 L.Ed. 938 (1874); *Meyers v. Fleming,* 327 U.S. 161, 66 S.Ct. 382, 90 L.Ed. 595 (1946); *Ross v. Bernhard,* 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 727 (1970). Thus, BRLD was an indispensable party to this suit, and the trial below erroneously proceeded without its presence.[3] Recognition of this error does not end our inquiry, however, since a subsidiary but dispositive issue remains. Urbanek contends that BRLD should have been named as a plaintiff to this action, thereby destroying diversity jurisdiction. In response, Liddy argues that the corporation should have been named as a defendant, and accordingly diversity jurisdiction would continue to exist.[4] After a careful review of these arguments, we find that the relevant cases and principles of law fully support Urbanek's position.

■ The plaintiff stockholder in a stockholder's derivative suit is "at best the nominal plaintiff." *Ross v. Bernhard,* 396 U.S. at 538, 90 S.Ct. at 738. The corporation is the real party in interest even though the corporate management has failed to pursue the action. *Koster v. Lumbermens Mutual Casualty Company,* 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067 (1947). But as a practical matter, the corporation is initially named as a defendant. In this way the stockholder insures the presence of the corporation as an indispensable party. Once joined and present before the court, the corporation is then realigned, if necessary, according to its real interests. *Smith v. Sperling,* 354 U.S. 91, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957); *Lewis v. Odell,* 503 F.2d 445 (2nd Cir.1974). Thus, in theory the corporation should be realigned as a plaintiff in a stockholder's derivative action since as the real party in interest it stands to benefit from a successful suit. *See Schmidt v. Esquire, Inc.,* 210 F.2d 908 (7th Cir.), *cert. denied* 348 U.S. 819, 75 S.Ct. 31, 99 L.Ed. 646 (1954). This principle is modified, however, by the necessity of producing an actual controversy or real collision of interests between the parties. *Smith v. Sperling,* 354 U.S. at 97, 77 S.Ct. at 1115. For this reason, the corporation properly remains a defendant in a stockholder's derivative action whenever the corporate management is "antagonistic" to the plaintiff shareholder. *Doctor v. Harrington,* 196 U.S. 579, 25 S.Ct. 355, 49 L.Ed. 606 (1905). In other words, if the management of the corporation is actively aligned against the plaintiff shareholder and his lawsuit, then the shareholder and the corporation are actually on opposing sides of the controversy, and the corporation is properly named as a defendant. *Smith v. Sperling,* 354 U.S. at 95, 77 S.Ct. at 1114.

■ The question of whether to realign the corporation as a plaintiff or allow it to remain as a defendant is "a practical not a mechanical determination and is resolved by the pleadings and the nature of the dispute." *Smith v. Sperling,* 354 U.S. at 97, 77 S.Ct. at 1115. Thus, if the complaint in a derivative action alleges that the controlling shareholders or dominant officials of the corporation are guilty of fraud or malfeasance, then antagonism is clearly evident and the corporation remains a defendant. *See, e.g., Swanson v. Traer,* 354 U.S. 114, 77 S.Ct. 1116, 1 L.Ed.2d 1221 (1957). On the other hand, if the individual plaintiff is the majority stockholder or a controlling officer, then the corporation cannot be deemed antagonistic to the suit and it should be

---

3. In his brief on appeal, Liddy argues that BRLD had ceased to function and exist because of Urbanek's actions, and thus its presence before the court was unnecessary. We need not address the merits of this argument since it is wholly unsupported by the record. BRLD filed a corporate annual return and filed suit in state court the year after the present litigation began.

4. According to Liddy's argument, the decisions in *Provident Tradesmen Bank & Trust Co. v. Patterson,* 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968), and *McCulloch v. Glasgow,* 620 F.2d 47 (5th Cir.1980), would allow us to remedy the failure to join the corporation as a party in this case by remanding with instructions to preserve the jury's award through amendments to the pleadings and by reshaping the final judgment.

realigned as a plaintiff. *See, e.g., Taylor v. Swirnow,* 80 F.R.D. 79 (D.Md.1978).

In the present case, the pleadings provide no basis on which to find that BRLD was actively opposed to this litigation through its management. Liddy's complaint alleged that he was the majority stockholder in BRLD and that he had served as president of the corporation throughout its existence. While there is a factual dispute among the parties as to whether these allegations are true, there is no question that at the time this action was filed Liddy owned at least fifty percent of the outstanding stock and was president of the corporation. This fact alone negates any argument that BRLD was dominated and controlled by Urbanek to the extent that the corporation and Liddy were on opposing sides of this controversy. *See Picard v. Wall Street Discount Corp.,* 526 F.Supp. 1248 (S.D.N.Y.1981); *Kartub v. Optical Fashions,* 158 F.Supp. 757 (S.D.N.Y.1958). Moreover, the record indicates that in April of 1980 Liddy caused the corporation itself to file an action in Florida state court seeking to recover corporate assets from the hands of a third party. We believe it is blatantly inconsistent for Liddy to urge us now to align the corporation against him in federal court simply to preserve jurisdiction.

For these reasons, we find that BRLD was an absent indispensable party which initially should have been joined as a defendant and then permanently realigned as a plaintiff. This conclusion deprives the lower court of jurisdiction since a Florida corporation would be named as plaintiff against a Florida citizen. Accordingly, the judgment of the district court is

VACATED and REMANDED with instructions to DISMISS.