**ZB HOLDINGS, INC., Plaintiff,**

v.

**John G. WHITE, Peter Clappison, Malcolm A. Wright, Harold F. Jones, Ian Williamson, BBA Group PLC, BBA Group PLC, BBA Industrial Textiles, Inc., Guthrie North America, Inc., Defendants.**

No. 92 Civ. 1041 (LBS).

United States District Court, S.D. New York.

Sept. 25, 1992.

As Amended Sept. 28, 1992.

7. Which it expressed in footnote 2 on page 5–6 of its Memorandum of Law in Support of the motion.

Squire, Sanders & Dempsey, Washington, D.C. (Glenn M. Young, Monique V. Perez, Daniel J. Tobin, of counsel), for plaintiff.

White & Case, New York City (Laura B. Hoguet, of counsel), for defendants.

## OPINION

SAND, District Judge.

The derivative complaint here at issue relates to a 1989 stock purchase transaction whereby defendant BBA Group PLC ("BBA") acquired an eighty percent interest in IGH, Inc ("IGH"), a closely held corporation owned by two individuals, Jerry Zucker and James G. Boyd. The plaintiff in this action, ZB Holdings, Inc. ("ZB Holdings"), is a corporation formed by Zucker and Boyd which is the depository of Zucker and Boyd's twenty percent interest in IGH. Plaintiff alleges various injuries to IGH based on the post-acquisition operation of the corporation, and asserts claims sounding in common law fraud and misrepresentation.[1] Plaintiff names as defendants BBA Group PLC ("BBA"), BBA In-

---

1. There is also pending before this court a related direct action, jurisdiction for which is based on federal securities law. *See ZB Holdings, Inc.* *v. BBA Group PLC,* 91 Civ. 4486 (LBS). This action is on the Court's November trial calendar and is not affected by the determination herein.

dustrial Textiles, Inc., Guthrie North America, Inc, and various individuals.[2]

Jurisdiction for this action is based solely on diversity of citizenship. 28 U.S.C. § 1332. Plaintiff ZB Holdings is a South Carolina corporation which has its principal place of business in South Carolina. None of the defendants named in the complaint is a citizen of South Carolina.[3] IGH, the corporation on whose behalf plaintiff purports to sue, was neither named as a party in this action nor served with process.[4]

On April 6, 1992, defendants moved to dismiss the derivative complaint for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). Defendants contended that IGH was an indispensable party whose joinder was required by Fed.R.Civ.P. 19(b) and that IGH should have been aligned as a defendant in the action because of the antagonism that existed between plaintiff and the management of IGH. Since both IGH and the plaintiff are South Carolina corporations, plaintiff concluded that joinder would destroy diversity of citizenship and this Court's subject matter jurisdiction. This Court denied defendants' motion by memorandum endorsement on the theory that even if the joinder of IGH destroyed diversity, the Court had authority to assert supplemental jurisdiction over IGH pursuant to subdivision (a) of the new supplemental jurisdiction statute, 28 U.S.C. § 1367.

In the motion presently before the Court, the defendants once again have moved to join IGH as a party defendant, this time pursuant to Fed.R.Civ.P. 19(a). If the defendants prevail, the result will be the dismissal of the complaint for lack of subject matter jurisdiction. This motion is essentially a renewal of defendants' previous motion to dismiss, for the defendants' arguments on this motion are identical to those made during the previous motion, with one exception. This time around the defendants argue that subdivision (b) of § 1367 would bar this Court from exercising supplemental jurisdiction over the derivative claims. In defendants' initial motion papers at the April 6th motion date, § 1367 was not cited at all, and although § 1367(a) received attention in defendants' reply brief, the applicability of § 1367(b) was neither briefed nor discussed during oral argument.

Upon consideration of all of the parties' submissions from this and the previous motion, this Court finds that it erred when it denied defendants' previous motion to dismiss. Accordingly, for the reasons stated below, this Court grants the defendants' motion to join IGH as a defendant pursuant to Fed.R.Civ.P. 19. Because such joinder will destroy complete diversity, this Court dismisses the derivative complaint in its entirety for lack of subject matter jurisdiction.

## DISCUSSION

### A. Joinder of IGH as an Indispensable Party

■ The first question this Court must consider is whether IGH is an indispensable party under Rule 19(b).[5] Although

---

2. The individual defendants are John G. White, Peter Clappison, Malcolm A. Wright, Harold F. Jones, and Ian Williamson. These individuals are either officers or directors of BBA or its subsidiaries. White, Clappison, Wright and Jones are also members of IGH's Board of Directors.

3. BBA is a U.K. corporation with its principal places of business in England. BBA Industrial Textiles is a Delaware Corporation which does not have its principal place of business in South Carolina. Guthrie North America is a Delaware corporation with its principal place of business in Florida. Williamson, White, Clappison, and Wright are all residents of the United Kingdom. Jones is a resident of North Carolina. Complaint ¶¶ 5–12.

4. The caption of the complaint describes the plaintiff as "ZB Holding ... Derivatively on behalf of IGH, Inc. (a South Carolina corporation) and All Its Direct and Indirect Subsidiaries."

5. Rule 19(b) provides:
   If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which by protec-

plaintiff purports to sue derivatively on behalf of IGH, IGH was not named as a party to the action. This is rather suspicious considering the well established rule that requires the joinder of the corporation on whose behalf a derivative suit is brought. *See Ross v. Bernhard*, 396 U.S. 531, 538, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970) ("The corporation is a necessary party to the action; without it the case cannot proceed."); *Liddy v. Urbanek*, 707 F.2d 1222, 1224 (11th Cir.1983) ("There is no question that a corporation is an indispensable party in a derivative action brought by one of its shareholders.") The reason for this rule is straightforward: without the presence of the corporation complete relief cannot be achieved, and the corporation's interests cannot be protected.[6] Therefore, this Court finds that IGH is an indispensable party under Rule 19(b) and accordingly must be made a party to this lawsuit.

### B. *Party Alignment in Derivative Actions*

The determination that IGH must be made a party to this suit does not end this Court's inquiry: this Court must also determine whether IGH should be joined as a plaintiff or as a defendant. Alignment is crucial in the present suit because both the plaintiff and IGH are South Carolina corporations. If IGH is aligned as a party plaintiff, as plaintiff argues it should be, then this Court will have subject matter jurisdiction over the suit based on diversity. On the other hand, if IGH is aligned as a defendant, diversity of citizenship will disappear, and with it this Court's subject matter jurisdiction over the dispute.

■ The Court begins by noting that the general rule is that the corporation in a derivative suit should be aligned as a plaintiff since it is the real party in interest. *Duffey v. D.C. Wheeler*, 820 F.2d 1161,

1163 (11th Cir.1987). However, an exception to this rule has been carved out for situations where aligning the corporation as a plaintiff would not provide a "real collision" of interests. *Smith v. Sperling*, 354 U.S. 91, 97, 77 S.Ct. 1112, 1116, 1 L.Ed.2d 1205 (1957). In other words, "the final alignment of the parties should reflect the actual antagonisms between the plaintiffs, the corporation, and the directors." *Liddy*, 707 F.2d at 1224. As the Supreme Court noted in *Smith*, this is a practical, and not a mechanical, determination which must be resolved by the pleadings and the nature of the dispute. *Smith*, 354 U.S. at 97, 77 S.Ct. at 1116. The requisite antagonism has been found where management refuses to take action to undo a business transaction, or whenever it so solidly approves it that any demand would be futile. *Smith*, 354 U.S. at 97, 77 S.Ct. at 1116; *Rogers v. Valentine*, 426 F.2d 1361, 1363 (2d Cir.1970) (antagonism present where management had refused to initiate suit on behalf of corporation); *Reilly Mortgage Group, Inc. v. Mount Vernon Savings & Loan*, 568 F.Supp. 1067, 1072–73 (E.D.Virginia 1983) (antagonism present where management refused to remedy improper activities); *see also Duffey*, 820 F.2d at 1163 (realignment proper only where corporation is "actively antagonistic" to plaintiff's interests).

■ Plaintiff argues that the instant case does not qualify for the "hostile management" exception. Plaintiff contends that since the principals of ZB Holdings, Jerry Zucker and Jim Boyd, played a "primary operational role in the management of IGH" up until three days before the instant suit was filed, IGH should be aligned as a plaintiff. As support, plaintiff cites the Eleventh Circuit's opinion in *Liddy v. Urbanek*, 707 F.2d 1222 (11th Cir. 1983). In *Liddy*, a corporation's majority

---

tive provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the persons' absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.
Fed.R.Civ.P. 19(b).

**6.** Any amounts recovered as a result of this suit will inure to IGH's benefit. Moreover, a judgment in this action will determine IGH's rights and be binding on IGH with respect to the claims asserted by ZB Holdings. In addition, no settlement of this case could be consummated without the participation of IGH.

shareholder and controlling officer was the individual who initially instituted the derivative suit. The court concluded that:

> If the individual plaintiff is the majority stockholder or a controlling officer, then the corporation cannot be deemed antagonistic to the suit and it should be realigned as a plaintiff.

*Id.* at 1224–25.

This Court does not believe that *Liddy* supports plaintiff's position. The language quoted above stands for the common sense proposition that if the plaintiff in a derivative action owns a majority of the stock of a corporation, the plaintiff in essence *is* the corporation and therefore cannot be antagonistic to it. *Liddy* also suggests that where the plaintiff is *presently* a controlling manager of a corporation, the plaintiff cannot be antagonistic to the corporation's management. Here, ZB Holdings owns only a minority interest in IGH; Zucker and Boyd, the sole shareholders of ZB Holdings, were no longer in management at the time the suit was brought. Although Zucker and Boyd may have played a "primary operational role" in the management of IGH before their departure, with only two votes out of six on IGH's Board, they did not control the management of the IGH. Therefore, there is nothing inherent in the plaintiff's relationship to the corporation or to its management that suggests that the antagonism cannot exist as a matter of law.[7]

On the contrary, this Court believes that defendants have demonstrated that the requisite antagonism exists between plaintiff and IGH. In the derivative complaint, plaintiff alleges various counts of common law fraud and misrepresentation on the part of BBA through its appointed directors. Ample authority holds that if the complaint in a derivative action alleges that the controlling shareholders or dominant officials of the corporation are guilty of fraud or malfeasance, then antag-

onism exists, and the corporation should be aligned as a defendant. *Swanson v. Traer*, 354 U.S. 114, 115–16, 77 S.Ct. 1116, 1117–18, 1 L.Ed.2d 1221 (1957); *see also Liddy*, 707 F.2d at 1224. Indeed, the hostility between the plaintiff and the management of IGH became painfully apparent during the several motions and proceedings which antedated this motion.

This Court holds that IGH must be joined pursuant to Fed.R.Civ.P. 19(b) as a party defendant. Accordingly, since such joinder will destroy diversity, under the rule first announced in *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806), this Court lacks subject matter jurisdiction over the controversy, and the suit must be dismissed pursuant to Rule 12(b)(1) absent some other authority for this Court to proceed.

### C. *Supplemental Jurisdiction*

Plaintiff's final argument is that even in the absence of complete diversity, this Court can exercise supplemental jurisdiction over IGH pursuant to 28 U.S.C. § 1367. Enacted as part of the Judicial Improvements Act of 1990, § 1367 codifies under the name of "supplemental jurisdiction" the common law doctrines of "pendant" and "ancillary" jurisdiction. Subdivision (a) of the statute has language that would permit the broad exercise of supplemental jurisdiction. Subdivision (b), however, enumerates certain exceptions to subdivision (a) for cases in which jurisdiction is based solely on diversity of citizenship. For the reasons set forth below, the Court believes that it was mistaken when it ruled in the previous motion that § 1367(a) allowed for the exercise of supplemental jurisdiction over IGH. Since the Court holds today that § 1367(a) does not allow for the exercise of supplemental jurisdiction, there is no need to consider the exceptions set forth in § 1367(b).

---

7. Moreover, other language from *Liddy* seems to be more to the point:

> If the complaint in a derivative action alleges that the controlling shareholders or dominant officials of the corporation are guilty of fraud

> or malfeasance, then antagonism is clearly evident and the corporation remains a defendant.

*Liddy*, 707 F.2d at 1224.

■ Section 1367(a) provides, in pertinent part:

> Except as provided in subsections (b) and (c) ... in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). The fundamental question for this Court to resolve is what the term "original jurisdiction" means in the context of this statute.[8] Regrettably, Congress failed to define the term. This Court understands "original jurisdiction" to mean jurisdiction in the first instance over a viable lawsuit, without regard to parties to be joined later. Stated differently, the term "original jurisdiction" presupposes a viable lawsuit. We hold today that where a derivative suit brought in diversity is subject to dismissal for failure to join an indispensable, non-diverse party, supplemental jurisdiction is not available to join that non-diverse party because, under § 1367(a), the Court never had "original jurisdiction" over the derivative action.

■ The first question this Court must address is whether a viable lawsuit was before this court as an original matter, *i.e.,* in the absence of the joinder of IGH. To answer this question we must note some characteristics peculiar to derivative lawsuits. *See generally* Fed.R.Civ.P. 23.1. A stockholder's derivative action is a suit to enforce a corporate cause of action against officers, directors, or third parties. The shareholder has no standing to assert the claim for the shareholder's personal benefit but is permitted to step into the corporation's shoes and assert that right on behalf of the corporation as a sort of "next friend." *Koster v. Lumbermens Mutual Casualty Co.,* 330 U.S. 518, 522–23, 67 S.Ct. 828, 831, 91 L.Ed. 1067 (1947). The real party in interest is the corporation, and any claims asserted belong to the corporation. The Second Circuit has noted:

> Such an action consists of only one claim—the corporate claim against the alleged wrongdoers. The alleged injury inflicted upon the corporation is regarded as affecting only the corporation. The fact that the injury may indirectly harm a stockholder by diminishing the value of his corporate shares does not bestow upon him a right to sue on his own behalf to recover damages.

*Papilsky v. Berndt,* 466 F.2d 251, 255 (2d Cir.1972). The Supreme Court has expressed this same idea metaphorically by noting that "the heart of the action is the corporate claim." *Ross,* 396 U.S. at 539, 90 S.Ct. at 738.

■ It follows from these observations that if the corporation is not made a party to the derivative suit, the complaint is subject to dismissal. *Id.* at 538, 90 S.Ct. at 738 ("The corporation is a necessary party to the action; *without it the case cannot proceed.*") (emphasis added).[9] Because the derivative action was subject to dismissal for failure to name IGH as a party, no viable lawsuit was ever before this Court in the first instance. Therefore, this Court lacked "original jurisdiction" over the action and cannot now invoke supplemental jurisdiction as a basis for making IGH a party to this lawsuit.

Supplemental jurisdiction was not intended to be a crutch for lawsuits that cannot stand on their own feet; rather, it was intended only to *supplement—i.e.,* to allow the addition of parties or claims to an existing lawsuit so that complete relief could be

---

**8.** Clearly the term is not used in its Constitutional sense to refer to those cases over which the Supreme Court has jurisdiction as an initial matter. *See* U.S. Const. Art. III, § 2.

**9.** Ordinarily, this defect could be cured by the joinder of the corporation as an indispensable party under Rule 19, for the Federal Rules of Civil Procedure evince a liberal policy towards pleading amendment. But since joinder in this case would destroy this Court's subject matter jurisdiction, plaintiff must demonstrate that this is an appropriate case for the exercise of supplemental jurisdiction. As discussed in the body of the opinion, § 1367(a) does not provide for the exercise of supplemental jurisdiction unless a viable lawsuit is already pending before the Court. That is not the situation here.

**48**

fashioned and scarce judicial resources could be conserved. Furthermore, to read § 1367(a) differently would allow shareholder/plaintiffs to sidestep the complete diversity requirements in derivative actions. This Court does not believe that the new supplemental jurisdiction statute was intended to provide a federal forum for derivative actions in which no federal question is raised or where diversity is lacking. If such was Congress' intent, Congress should have striven for greater clarity.[10]

### CONCLUSION

For the reasons stated above, this Court grants defendants' motion to join IGH as a defendant pursuant to Fed.R.Civ.P. 19. Because such joinder will destroy complete diversity, and because the exercise of supplemental jurisdiction would be inappropriate, this Court dismisses the derivative complaint in its entirety for lack of subject matter jurisdiction.

SO ORDERED.

---

**10.** Plaintiff also appears to argue that the fact that this derivative action has been consolidated with the related securities action, *ZB Holdings, Inc. v. BBA Group PLC,* 91 Civ. 4486 (LBS), gives this Court the authority to exercise supplemental jurisdiction over the entire derivative action.

However, it is well established that Fed.R.Civ.P. 42(a) does not obviate the need for an independent jurisdictional basis for each complaint. *See Cole v. Schenley Indus.,* 563 F.2d 35, 38 (2d Cir.1977).