**Evelyn NEJMANOWSKI, Plaintiff,**

v.

**Del NEJMANOWSKI and Jack–Rich, Inc., Defendants.**

No. 94–3004.

United States District Court,
C.D. Illinois,
Springfield Division.

Jan. 26, 1994.

Nunc Pro Tunc Jan. 14, 1994.

Patrick V. Reilly, Springfield, IL, for plaintiff.

Denis McGrady, Jr., Gillespie, IL, for defendants.

## OPINION

RICHARD MILLS, District Judge:

A hearing was conducted on Plaintiff's Complaint for Derivative Shareholder's Action and Petition for Preliminary Injunction, for Appointment of a Temporary Receiver, and Defendant Nejmanowski's motion to Dismiss Plaintiff's Complaint.

### I.  Background

Plaintiff Evelyn Nejmanowski and Defendant Del Nejmanowski are the sole shareholders of Jack–Rich Inc., an Illinois business with its principal place of business in Illinois.  Del owns 51% of the outstanding shares of Jack–Rich, Inc. while Evelyn owns the remaining 49%.  Although Plaintiff and Defendant are married, they have not lived together for approximately ten years.  Currently, Evelyn is a resident of Texas and Del is a resident of Illinois.

Evelyn brought this shareholder's derivative action against Del and Jack–Rich, Inc. claiming that Del had engaged in several wrongful or illegal acts which were harmful to Evelyn's minority interest in Jack–Rich, Inc.  Evelyn requested an emergency hearing for the issuance of a Preliminary Injunction and the appointment of a Temporary Receiver.

Del filed a motion to dismiss claiming as one ground for dismissal lack of subject matter jurisdiction.  Del argued that Defendant Jack–Rich, Inc. should be realigned as a Plaintiff, since it was the real party in interest, which would destroy complete diversity of citizenship.

### II.  Legal Standard

In ruling on a motion to dismiss, the Court "must accept the well pleaded allegations of the complaint as true.  In addition, the Court must view these allegations in the light most favorable to the Plaintiff."  *Gomez v. Ill. State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir.1987).  The applicable rules do not necessitate a detailed outline of the claim's basis. *Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir.1985), *cert. denied*, 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986). Still, a "complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984), *cert. denied*, 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985).  Applying the above standards, the Court now turns to the case at bar.

### III.  Analysis

In a shareholder derivative suit, the corporation is always initially named as a defendant as it is an indispensable party to the litigation. *Liddy v. Urbanek*, 707 F.2d 1222 (11th Cir.1983).  The named plaintiff, however, is only the nominal plaintiff.  The corporation is the real party in interest. Once joined and present before the court, the corporation is then realigned, if necessary, according to its real interests. *Id.*  Thus, in

most cases the corporation will be realigned as a plaintiff. In the case at bar, if the corporation is realigned as a plaintiff there is no diversity of parties and, therefore, no subject matter jurisdiction in this Court.

■ There is an exception to the rule. If the corporate management is "antagonistic" to the plaintiff shareholder, the corporation remains a defendant. *Smith v. Sperling,* 354 U.S. 91, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957). Therefore, if the management of the corporation is actively aligned against the plaintiff and his lawsuit, then the shareholder and the corporation are actually on opposing sides of the controversy and the corporation is properly named as a defendant. *Young v. Colgate–Palmolive Co.,* 790 F.2d 567, 568 (7th Cir.1986). "This is a practical not a mechanical determination and is resolved by the pleadings and the nature of the dispute." *Sperling,* 354 U.S. at 97, 77 S.Ct. at 1116. In the case at bar, therefore, the central question in determining jurisdiction is, as of January 14, 1994, is the corporation "antagonistic" to this lawsuit?

At this point, some additional facts must be outlined. The Board of Directors of Jack–Rich, Inc. is comprised of Del, Evelyn, and Jackie Brandenburg–Rees, their daughter. The officers of Jack–Rich, Inc. are Del Nejmanowski President, Evelyn Nejmanowski Vice–President, and Jackie Brandenburg–Rees Secretary–Treasurer.

Evelyn Nejmanowski and Jackie Brandenburg–Rees are both in favor of this lawsuit. Del is opposed. As a result of this alignment, the majority stockholder and controlling officer of the corporation opposes the lawsuit, while two out of the three directors of the corporation favor the lawsuit.

■ This Court could not locate any case law that specifically defines the term "management" as it is used in deciding if "the management of the corporation" is antagonistic to a shareholder derivative suit. The cases located merely state that the "management" of the company must be antagonistic to the suit. *See Sperling,* 354 U.S. at 97, 77 S.Ct. at 1116, *Young,* 790 F.2d at 568, *Liddy,* 707 F.2d at 1224. Management can be defined as either the directors of the company,

the officers of the company, or theoretically the controlling shareholder. It seems to the Court that the question of who is the management is a factually intense question that must be decided on a case by case method.

■ The Court finds that in this case the group the Court should look to in determining if the corporation is antagonistic to this lawsuit is the board of directors. It is true that ultimately the shareholders own the corporation. This ownership, however, is passive. The only way the stockholders can exercise their ownership rights is by voting their shares to elect the board of directors. Once the shareholders have done this they have implicitly stated that they want those individuals to run the corporation. The shareholders cannot take any active part in the running of the business. All they can do if they are unhappy with the way the business is being run is to elect a different board of directors at the next annual meeting.

The officers of a corporation do the actual day to day running of the corporation. These officers, however, serve at the convenience of the board of directors. Therefore, it would make more sense to look to the board of directors, rather than the officers of a corporation, to determine if the corporation was antagonistic to a shareholder derivative suit.

This point is clearly shown by this case. In December 1993, the board of directors was unhappy with the way the then president, C.R. Nejmanowski—a son of the parties—was running the corporation. As a result, the board of directors called a special meeting and voted the president out of office. By the same token, if the board of directors feels that the current president is not performing his job satisfactorily, the board of directors could hold a special meeting and remove the president from his office.

In the pleadings, Plaintiff Evelyn admits that it would be possible for her and Jackie Brandenburg–Rees to call a special meeting of the board of directors and oust Defendant Del as president of the corporation. If Plaintiff took this action, she would effectively remove all opposition to the lawsuit.

Plaintiff argues that calling a special meeting of the board of directors and ousting Defendant as president would be futile. The reason for the futility is the annual stockholders meeting to elect new directors which is scheduled for January 24, 1994. Plaintiff argues that at this meeting Defendant Del, as the majority shareholder, will elect a board of directors favorable to himself which will appoint him president of the corporation. This action has not happened yet, however, and it is pure speculation that it will. The Court simply cannot speculate on what might happen in the future to determine if it currently has subject matter jurisdiction. This Court must determine its subject matter jurisdiction based on the facts as they are presented to it at the time it rules.

Another factor in favor of looking to the board of directors to determine antagonism is Fed.R.Civ.Pro. 23.1. Rule 23.1 sets out the pleading requirements for filing a shareholder derivative action. The Rule states in part "[t]he complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for the plaintiff's failure to obtain the action or for not making the effort." This pleading requirement indicates who the Supreme Court feels has the power to handle such matters: the board of directors.

Obviously, Rule 23.1 is not controlling on this issue. Rule 23.1 cannot come into effect until the Court finds that it has jurisdiction over this case. Rule 23.1 is, however, persuasive authority. Consider the situation if the Court were to find the "management" of Jack–Rich, Inc. antagonistic to this suit. Defendant Jack–Rich, Inc. would remain a Defendant in this action giving the Court subject matter jurisdiction. The next step in the case would be to determine if Plaintiff's pleadings meet the requirements of the Federal Rules of Civil Procedure. Accordingly, the Court would have to look at Plaintiff Evelyn's Complaint to determine if she had complied with Fed.R.Civ.Pro. 23.1.

As pointed out above, Rule 23.1 requires Plaintiff's Complaint to state with specificity the efforts they have made to obtain the action they desire from the board of directors and the failure to obtain the action or for not making the effort. In this case Plaintiff could never meet this requirement. If Plaintiff requested the action she desires from the board of directors, she would receive that action since two of the three directors favor the action Plaintiff is requesting. It would make no sense, therefore, not to look to the board of directors in this case to determine if the "management" of Jack–Rich, Inc. is antagonistic to this suit.

In support of Plaintiff's position she has cited *Liddy v. Urbanek,* 707 F.2d 1222 (11th Cir.1983). In that case, the plaintiff and defendant each owned fifty percent of a company. Plaintiff brought a derivative suit under Fed.R.Civ.Pro. 23.1 against the defendant. The articles of incorporation listed plaintiff as president and defendant Urbanek as secretary-treasurer. Plaintiff was a resident of New Jersey. The defendant was a resident of Florida. The company, a Florida corporation, was not named as a party. Plaintiff brought the suit in the District Court for the Southern District of Florida based on diversity jurisdiction.

The District Court did not address the issue of diversity jurisdiction and plaintiff won a substantial jury verdict. On appeal, the defendant raised lack of subject matter jurisdiction for the first time. Defendant argued that the company was an absent indispensable party which should have been a named plaintiff destroying diversity jurisdiction. Plaintiff argued that the company was antagonistic to the law suit and, therefore, would have remained a defendant, maintaining diversity jurisdiction.

The Eleventh Circuit agreed with the defendant that the company was an absent indispensable party which had to be joined in the suit. The court also found that the company was not antagonistic to the suit; therefore, it had to be joined as a plaintiff which destroyed diversity jurisdiction. In determining antagonism, the court pointed to the fact that plaintiff was at least an equal shareholder in the company, there was a factual dispute in the pleadings as to whether plaintiff was majority shareholder or equal share-

holder, plus the controlling officer of the company. Given these facts, the court concluded the company was not antagonistic to the suit.

At first blush, applying *Liddy* to the facts of this case it would seem that Jack–Rich, Inc. is antagonistic to Plaintiff Evelyn's suit. Defendant Del is the majority shareholder and the controlling officer. The Eleventh Circuit used these two factors in *Liddy* to determine antagonism. *Liddy*, however, is distinguishable from this case. Although the opinion is not clear, it appeared that in *Liddy* the shareholders of the company had never elected a board of directors. ·Instead, the articles of incorporation designated the two shareholders officers and they alone ran the company. The shareholders, by deciding not to elect a board of directors, retained their direct control of the company. Therefore, for purposes of the suit, the company was split half and half. The final straw in the court's determination seemed to be the fact that one year after plaintiff filed the suit in question, he caused the corporation to file an action in Florida state court seeking recovery of corporate assets from a third party. The Eleventh Circuit stated "[w]e believe it is blatantly inconsistent for Liddy to urge us now to align the corporation against him in federal court simply to preserve jurisdiction." *Liddy*, 707 F.2d at 1225.

In the case at bar, although Defendant Del Nejmanowski is the majority shareholder, Jack–Rich, Inc. has made the decision to elect a board of directors to run the company. By doing this, the shareholders have implicitly consented to having the board of directors, and not themselves, make decisions for Jack–Rich, Inc. Furthermore, the board of directors has previously shown that it is ready, willing, and able to remove a corporate officer with whom they are unhappy. As was the case in *Liddy*, it would be inconsistent for this Court, based on the past activities of the board of directors, to now align the corporation against the majority of the board of directors simply to create jurisdiction.

■ Therefore, as of January 14, 1994 Plaintiff Evelyn Nejmanowski has the necessary support in the company to remove any corporate official who opposes this lawsuit. Accordingly, the company should not be deemed antagonistic to this suit. Since the company is not antagonistic to the suit, it must be realigned as a Plaintiff which results in destroying diversity jurisdiction.

This ruling has the additional benefit of encouraging the Plaintiff here as a director to exercise all power available to her in order to achieve her goals before filing suit. If this Court were to find that there is jurisdiction in this case, it would be rewarding a party that did not exercise all of their available options simply because exercising those options would preclude jurisdiction in federal court.

*Ergo,* Defendant's motion to dismiss plaintiff's complaint for lack of jurisdiction is ALLOWED.