Kay C. GILL, Plaintiff,

v.

UPSON REGIONAL MEDICAL CENTER
and Melvin Patrick, Defendants.

No. 5:98–CV–37–3 (WDO).

United States District Court,
M.D. Georgia,
Macon Division.

May 29, 1998.

Michael S. Welsh, Atlanta, GA, for Plaintiff.

David Bruce Dunaway, Tommy Richard Hankinson, Thomaston, GA, for Defendants.

Melvin Patrick, for defendant.

## ORDER

OWENS, District Judge.

Plaintiff filed this complaint pursuant to the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12111, on February 5, 1998. The defendants are plaintiff's employer, the Upson Regional Medical Center, and her supervisor, Melvin Patrick. In addition to the ADA claims, she also asserted state law claims against defendant Patrick for intentional infliction of emotional distress and tortious interference with her prospective business relationship with Upson Regional Medical Center.

On March 31, 1998, plaintiff moved for voluntary dismissal of the ADA claims against Patrick upon the realization that the Eleventh Circuit had ruled in *Mason v. Stallings*, 82 F.3d 1007 (11th Cir.1996), that the ADA does not provide for individual liability but only for employer liability. On April 2, 1998, this court dismissed all claims against defendant Melvin Patrick in his personal supervisory capacity for violating plaintiff's rights under the ADA. Patrick thereafter moved to dismiss the remaining state law claims against him for lack of federal jurisdiction. Plaintiff requests this court to exercise its supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) to hear her remaining state law claims against Patrick.

Title 28 U.S.C. § 1367(a) provides as follows:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

Plaintiff maintains that because her state law claims against Patrick involve the same set of facts, events, and evidence as do her claims against the Upson Regional Medical Center,

the court should retain jurisdiction in the spirit of judicial economy and fundamental fairness. However, the term "original jurisdiction" as used in § 1367 has been interpreted to mean "jurisdiction in the first instance over a viable lawsuit." *ZB Holdings, Inc. v. White,* 144 F.R.D. 42 (S.D.N.Y.1992). Unless there was an initial basis for jurisdiction over Patrick in the first instance, there can be no supplemental jurisdiction over the state claims.

A case with a more complicated factual background but containing elements in common with the present situation was addressed in *Palmer v. Hospital Authority of Randolph County,* 22 F.3d 1559 (11th Cir. 1994). There, plaintiff filed a complaint under certain provisions of "COBRA," 42 U.S.C. § 1395dd. Her complaint included state law claims. The district court initially denied a motion to dismiss the complaint for lack of subject matter jurisdiction under COBRA against treating physician Bates. *Id.* at 1562. At a later date the district court dismissed both the state and federal claims against Bates after determining that case law had developed in the interim to demonstrate that there was no private cause of action under COBRA against a treating physician. *Id.* The Court of Appeals found that the state law claims were "valid supplemental claims at the time of the filing of the case and for the approximately one-year period prior to the dismissal of the COBRA claim against Bates." *Id.* at 1567. Under these circumstances, there was no mandate under 1367 for the dismissal of the state law claims along with the COBRA claims. *Id.*

In the present case, however, the court never obtained original jurisdiction of the claims against defendant Patrick. The ADA, upon which the exercise of original jurisdiction depended, under *Mason v. Stallings* did not apply in this Circuit to actions against individual supervisors on the date the complaint was filed. Thus, there was never a viable lawsuit against Patrick arising from the ADA claims. *ZB Holdings, Inc. v. White.* Consequently, there is no basis for the exercise of supplemental jurisdiction over the related state law claims.

For the above reasons, defendant Melvin Patrick's motion to dismiss all remaining claims against him is hereby **GRANTED.**

**SO ORDERED.**