787 So.2d 198 (2001)
Michael DIMICK, as Trustee, Tara Properties, Ltd., a California partnership, and Loren D. Blickenstaff, as Trustee, Appellants,
v.
ESTATE OF Richard K. BARRY, Appellee.
No. 4D00-325.
District Court of Appeal of Florida, Fourth District.
May 16, 2001.
*199 Arthur R. Rosenberg of Stein, Rosenberg & Winikoff, P.A., Fort Lauderdale, and John Courtade, Austin, TX, for appellants.
Andrew D. Rafkin of Broad and Cassel, West Palm Beach, for appellee.
DELL, J.
Michael Dimick, as Trustee for the Dimick Family Trust, Tara Properties, Ltd., a California partnership (Tara), and Loren D. Blickenstaff, as Trustee for M & D Trust, appeal from a final order denying their request to extend the time pursuant to section 733.705(4), Florida Statutes, to file an independent action in California against the Estate of Richard K. Barry (the estate). We reverse.
On January 26, 1999, the personal representative for the estate published a notice of administration in the probate division of the circuit court in Palm Beach County. *200 On April 21, 1999, the three appellants timely filed claims against the estate. On May 26, 1999, the personal representative gave notice of objections to each of the claims. On June 25, 1999, appellants timely filed an independent action in the Circuit Court of Palm Beach County, Florida, pursuant to section 733.705(4), Florida Statutes (1999). Appellants sought damages against Richard K. Barry, the decedent, arising out of alleged misrepresentations, misappropriations and breaches of fiduciary duties.
The estate filed a motion to dismiss based on appellant Dimick's and Tara's failure to join two partnerships and a corporation for which they were suing derivatively.[1] On October 20, 1999, at the hearing on the estate's motion to dismiss, the trial court found that Mayo, Oak Park and Holiday Harbor were indispensable parties and granted the estate's motion to dismiss for failure to join them. Appellants asked the trial court for additional time to file an amended pleading to include these parties. They also advised the trial court of their intention to seek leave from the probate court under section 733.705(4), Florida Statutes (1997), to refile the same independent action against the Barry Estate in California. Mayo, Oak Park and Holiday Harbor were already defendants in a companion action pending in California; however, appellants had not timely included the estate as a defendant.
On November 22, 1999, appellants filed a motion in the probate court, pursuant to section 733.705(4), Florida Statutes (1999), for leave to refile the same action in California against the estate. They argued that this would facilitate the prosecution of the Florida claims with the pending action in California. The California claims are against a number of entities previously controlled by the decedent and now controlled by the decedent's personal representative and other interested parties. Appellants argued that there was good cause for the probate court to allow the appellants to refile the case in California, because they had timely filed an independent action in Florida; the interests of judicial economy would be served by refiling in California because one action would be substituted for two; each of these companies was a California partnership or corporation; and, finally, personal jurisdiction over them in Florida was a disputed matter.
Appellants also argued that the estate would not be prejudiced, and that the estate had in fact argued to the trial court that the action should be refiled in California. Appellants asked, in the alternative, that if the probate court determined that leave of court was not necessary under section 733.705(4) to refile in California the previously and timely filed Florida suit, that it should provide declaratory relief in its order by indicating that leave of court to file the independent action against the estate in California was unnecessary under Florida law.
At the hearing before the probate court on appellants' motion for extension of time to file the California action, the estate argued that Mayo, Oak Park and Holiday Harbor, the parties that the trial court had ruled to be indispensable parties, were in fact claimants who had not complied with section 733.705(4) filing requirements.[2] The probate court was apparently persuaded by this argument and entered an order denying appellant's motion to extend *201 the time to file the California action against the estate, concluding that appellants failed to show "good cause for failing to join indispensable parties to its pending action." The court further concluded, "as even the pending California Action was not timely filed pursuant to Fla. Stat. 733.705(4), the record is devoid of any evidence constituting a substantial reason or legal excuse for [appellants'] failure to join indispensable parties to the independent action filed in Florida."
We hold that the probate court abused its discretion when it denied appellants' application to extend the time for filing of the independent action in California. We are not persuaded by the estate's argument that appellant's filing of derivative claims on behalf of Mayo, Oak Park and Holiday Harbor renders these entities "claimants" or "plaintiffs." Appellants have alleged that the person controlling these three entities, Richard K. Barry (the decedent), was guilty of fraud and malfeasance. The three entities, now controlled by the personal representative, are hostile to any derivative action. See White v. Watts, 716 So.2d 293, 294 (Fla. 2d DCA 1998) ("In a shareholder's derivative action, the corporation is an indispensable party defendant."). See also Liddy v. Urbanek, 707 F.2d 1222 (11th Cir.1983) (if complaint alleges that dominant officials are guilty of malfeasance, antagonism is evident and corporation should be named as a defendant). Therefore, Mayo, Oak Park and Holiday Harbor are indispensable party defendants, not claimants. In Duke & Benedict, Inc. v. Wolstein, 826 F.Supp. 1413 (M.D.Fla.1993), the court wrote:
The question of whether to realign the corporation as a plaintiff or allow it to remain as a defendant is a "practical not mechanical determination and is resolved by the pleadings and the nature of the dispute." Smith v. Sperling, 354 U.S. 91, 97, 77 S.Ct. 1112, 1115, 1 L.Ed.2d 1205 (1957) ... The Supreme Court stated that the issue was "to determine the issue of antagonism on the face of the pleading and by the nature of the controversy." Id. at 354 U.S. 96, at 77 S.Ct. 1115. The Court held that where antagonism and hostility is found through the clash of management and shareholders then the courts may not realign the corporation as a party plaintiff. Id.

Id. at 1415.
Section 733.705(4), Florida Statutes provides, in pertinent part:
The claimant is limited to a period of 30 days from the date of service of an objection within which to bring an independent action upon the claim, ... For good cause, the court may extend the time for filing an action or proceeding after objection is filed.
§ 733.705(4), Fla. Stat. (1999).
In Dohnal v. Syndicated Offices Systems, 529 So.2d 267 (Fla.1988), the supreme court wrote, concerning a probate court's discretion to extend a creditor's time to file:
The probate court may extend the creditor's time where good cause is shown for *202 the delay. § 733.705(3), Fla. Stat. (Supp. 1984). We defined good cause in Goldman, [In re Goldman's Estate, 79 So.2d 846 (Fla.1955)] finding that it is "`a substantial reason, one that affords a legal excuse,' or a `cause moving the court to its conclusion, not arbitrary or contrary to all the evidence,' and not mere `ignorance of law, hardship on petitioner, and reliance on [another's] advice.'" 79 So.2d at 848 (citations omitted.) Judge Sharp correctly pointed out in Williams [v. Estate of Williams, 493 So.2d 44 (Fla. 5th DCA 1986)] that, "[w]hat is or is not sufficient to establish `good cause' ... is primarily addressed to the conscience and discretion of the probate judge." 493 So.2d at 45.
The determination of good cause is based on the peculiar facts and circumstances of each case.
Id. at 269. Appellants showed good cause for filing the action in California. Filing the action in California would avoid disputes about obtaining service of process on Mayo, Oak Park and Holiday Harbor because they are California entities with their assets located in California. Further, filing the action in California would result in one action instead of two, thereby reducing costs and promoting judicial economy. Finally, there would be no prejudice to appellee, since the California case commenced on July 9, 1999, had barely progressed and appellee was already involved in the California action and familiar with the issues. In fact, appellee had urged the trial court that the action should be filed in California.
Finally, in Poulsen v. First National Bank of Palm Beach, 407 So.2d 338 (Fla. 4th DCA 1981), appellants had timely filed a wrongful death action against the decedent's estate in Wyoming. Because of a concern that the Wyoming action would be dismissed, appellants, with the approval of the probate court, also filed an action in the Circuit Court of Palm Beach County. Thereafter, the Wyoming action was dismissed for venue reasons. Subsequently, the Palm Beach County Circuit Court dismissed with prejudice appellant's wrongful death suit, concluding that it was untimely filed under section 733.705(3).[3] This court reversed, holding that "the filing of the independent action in Wyoming within 30 days after [an] objection [was] filed [by the estate] to the claim, was a timely filing within the first sentence of Section 733.705(3)." Id. at 339-340 (citation omitted). Here, appellants' independent action was timely filed in Florida under section 733.705(4). Therefore, the estate had timely notice of appellants' claims and, as in Poulsen, an order granting leave to refile the claim in California would not cause "discernible prejudice to [the estate], nor an unreasonable delay in the orderly and expeditious processing of the claim." Id. at 340. We conclude that the reasoning in Poulsen must be applied to the facts of this case, and that the probate court abused its discretion when it denied appellants' motion to extend the time to file an independent action against the estate in California.
Accordingly, we reverse the probate court's order denying appellants' motion for an extension of time to file an independent action in California against the estate pursuant to section 733.705(4), Florida Statutes and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
WARNER, C.J. and HAZOURI, J., concur.
NOTES
[1] Appellant Dimick sued derivatively for Mayo and Oak Park and appellant Tara sued derivatively for Oak Park and Holiday Harbor. Appellants did not name Mayo, Oak Park and Holiday Harbor as defendants in the Palm Beach action.
[2] THE COURT: Or they [Mayo, Oak Park, and Holiday Harbor] did not join in the independent action that was filed.

MR. RAFKIN: Right. That's why the independent action was dismissed, and that's why we're here. The prime Claimant, the guy that's going to get the money, the real Plaintiff wasn't joined in the independent action. The indispensable corporation wasn't joined nor were the two indispensable partnerships joined.
THE COURT: What difference does that make if they're going to file an independent action against all the individual parties out in California and proceed with the same lawsuit out there?
MR. RAFKIN: Because the Statute here requires that all the Claimants file within thirty days and they didn't. The independent action
[3] Section 733.705(3) has been renumbered to 733.705(4).