237 F.2d 317
 Charles B. SMITH, as Special Administrator of the Estate of
Edward S. Birn, Deceased, Appellant,
v.
Milton SPERLING, Harry M. Warner, Jack L. Warner, United
States Pictures, Inc., and Warner Bros. Pictures,
Inc., Appellees.
 No. 14334.
 United States Court of Appeals Ninth Circuit.
 May 21, 1956.
Certiorari Granted Oct. 15, 1956.
See 77 S.Ct. 98.
 
 Moss, Lyon & Dunn, Herman H. Levy, Los Angeles, Cal., for appellant.
 Freston & Files, Eugene D. Williams, Ralph E. Lewis, Los Angeles, Cal., Oliver B. Schwab, Beverly Hills, Cal., Arthur Livingston, Hollywood, Cal., for appellees.
 Before STEPHENS, FEE and CHAMBERS, Circuit Judges.
 JAMES ALGER FEE, Circuit Judge.
 
 
 1
 This is a stockholders' derivative suit, which was brought ostensibly for the benefit of Warner Bros. Pictures, Inc., a Delaware corporation, by plaintiff Smith, as Special Administrator of the Estate of Edward S. Birn, deceased, owner of 400 shares of stock therein. The corporation was joined as a defendant with two of its directors and another Delaware corporation, United States Pictures, inc., along with one Sperling, a director of the latter. The trial court directed that the questions relating to jurisdiction and limitations should be determined before trial on the merits.
 
 
 2
 Upon such a preliminary hearing, judgment of dismissal of the first cause of action was granted because, when the court realigned Warner Bros., as plaintiff, diversity of citizenship no longer existed, since Delaware corporations were, respectively, among the plaintiffs and among the defendants.[1]
 
 
 3
 The second cause of action was dismissed for lack of equity. This cause was asserted against defendants Harry M. Warner and Jack L. Warner alone, and is based upon alleged violations of their duties in a fiduciary capacity as directors of Warner Bros. A third cause of suit was dismissed upon stipulation by the parties.
 
 
 4
 The facts which were found upon the preliminary hearing were as follows:
 
 
 5
 'As to the First Cause of Action, the Court Finds:
 
 
 6
 'I. That this action was commenced by Edward S. Birn, a citizen of the State of New York, and since the commencement of said action, said Edward S. Birn has died and Charles B. Smith, as special administrator of the estate of Edward S. Birn, deceased, has been substituted in his place as plaintiff. That said Charles B. Smith is a citizen of the State of California.
 
 
 7
 'II. That defendants Harry M. Warner, Jack L. Warner and Milton Sperling, and each of them, are citizens of the State of California, and that the defendants Warner Bros. Pictures, Inc. and United States Pictures, Inc., are, and each of them is, a corporation duly organized and existing under and by virtue of the laws of the State of Delaware, and is a citizen of the State of Delaware; and that as the parties are aligned by the plaintiff, it appears that the plaintiff is a citizen of the State of New York and that the defendants are citizens of the states of California and Delaware, as hereinbefore stated.
 
 
 8
 'III. That this action was commenced by Edward S. Birn as the owner, during the period of the transactions challenged in the complaint, of four hundred shares of the capital stock of the defendant Warner Bros. Pictures, Inc., and that he is suing derivatively on behalf of and for the benefit of said defendant Warner Bros. Pictures, Inc., and the stockholders thereof; that by the prayer of the complaint a trust is sought to be impressed on the capital stock and assets of United States Pictures Inc., in favor of Warner Bros. Pictures, Inc., the agreement between said Warner Bros. Pictures, Inc. and United States Pictures, Inc. referred to in the complaint is sought to be cancelled and terminated and that the defendants Milton Sperling, Harry M. Warner, Jack L. Warner and United States Pictures, Inc. be required to account to Warner Bros. Pictures, Inc., for all losses and damages suffered by it and its subsidiaries and all profits and benefits received by said defendants and that said defendants make restitution accordingly. That the claim set forth in the first cause of action of the complaint, and relief sought, are for and on behalf of the defendant Warner Bros. Pictures, Inc., and that the said Warner Bros. Pictures, Inc. is the real party in interest in said cause of action.
 
 
 9
 'IV. That the Board of Directors of Warner Bros. Pictures, Inc. is composed of eleven men of whom the defendants Harry M. Warner, Jack L. Warner and their brother Albert Warner, are but three; that the contract in controversy was made and entered into in good faith and without fraud, and said contract was intended by the directors to be of financial benefit to Warner Bros. Pictures, Inc. and its stockholders, and said contract was considered by said eleven members of the Board of Directors of Warner Bros. Pictures, Inc. to be a sound business arrangement for the best present and future interests of the corporation; that in approving and authorizing the contract, the officers and Board of Directors acted in good faith and exercised their independent business judgment. That at the time of the execution of the contract, Albert Warner, together with the defendants Harry M. Warner and Jack L. Warner, owned less than twenty percent of the outstanding shares of stock of Warner Bros. Pictures, Inc., and that neither the corporation nor the directors or officers were shown to be at that time or at any time under the domination or control of the three brothers Warner above named. That neither the stockholders, its officers or directors were, at any time involved in this action, antagonistic to the financial interests of the corporation.
 
 
 10
 'V. That it is not true either as alleged in the complaint, or otherwise, that all or a majority or any of the Board of Directors and officers of Warner Bros. Pictures, Inc. wrongfully participated in the acts in the complaint complained of, nor was said Board of Directors dominated or controlled by Harry M. Warner, Jack L. Warner, Albert Warner, Milton Sperling, or any one or more of them. It is not true that if demand had been made upon Warner Bros. Pictures, Inc., that those to whom such application would be made to institute such suit would have been disqualified from faithfully doing their duty as directors and officers of said corporation because of any matters or facts set forth in said complaint, or otherwise. That no demand was made on the directors of said Warner Bros. Pictures, Inc. to institute this action and such a demand would have been futile; nor was any demand addressed to the stockholders of said corporation. That the stockholders of said corporation were not at the time of the execution of the contract complained of or at any time or at all under the domination or control of the three brothers Warner; nor was said corporation at any time herein referred to in hands or under control antagonistic to the financial interests of said corporation and its stockholders.
 
 
 11
 'That because of the foregoing findings of fact, Warner Bros. Pictures, Inc. should be by the Court realigned as a party plaintiff and that upon such realignment it appears that a plaintiff, Warner Bros. Pictures, Inc., is a citizen of the State of Delaware, and that the defendant, United States Pictures, Inc. is a citizen of the State of Delaware.
 
 
 12
 'That the sole basis of the jurisdiction of this Court is the claim set forth in the complaint of diversity of citizenship and that in view of the realignment of the parties in accordance with these findings, such diversity does not exist.'
 
 
 13
 The record has been examined and gives no occasion for a reversal upon the facts found by the trial court. Only two questions of law remain. The trial court did not attempt to decide the cause on the merits, and this Court makes no such attempt either.
 
 The key questions are:
 
 14
 First. Where the complaint asserted that the two directors Warner dominated and controlled the corporation Warner Bros. and conspired to misappropriate the assets and business opportunities of the corporation and caused it to enter an utterly improvident contract with United, was the trial court empowered to go behind the allegations and, on the facts found, realign Warner Bros. as a plaintiff? Second. Where United was a party served and appearing in the case and thus before the court, was it proper for the court to dismiss the second cause of action because United was not named in the second cause of action as a party against whom relief was sought therein?
 
 
 15
 The first question is answered by another. This question is whether Doctor v. Harrington, 196 U.S. 579, 25 S.Ct. 355, 49 L.Ed. 606, is indistinguishable from the case at bar. If so, the trial court must be reversed as to the first cause of action. In that case the complaint set up that Harrington and the individual defendant had the voting power of a majority of stock, directed the management of the affairs of the corporation, dictated its policy and selected its directors. Without holding a hearing to determine the truth of such allegations, the trial court dismissed the bill for lack of jurisdiction. The Supreme Court of the United States reversed on the ground that, accepting the allegations of the complaint, there was no ground to realign the parties since the corporation had been used as a tool without independent volition. To like effect are Venner v. Great Northern Railway Company, 209 U.S. 24, 28 S.Ct. 328, 52 L.Ed. 666, and Central Railroad Company of New Jersey v. Mills, 113 U.S. 249, 5 S.Ct. 456, 28 L.Ed. 949. It is hardly conceivable that the court in the Harrington case enjoined the trial court, on remand after the reversal therein, to entertain the action even though it should be discovered as a matter of fact that, contrary to allegation, the corporation was not under disabling domination. Judicial power of the federal courts expires when lack of jurisdiction is uncovered at any stage of the proceedings. In the case of Cutting v. Woodward, 9 Cir., 255 F. 633, the court found after trial that a purported sale of assets to the president of the company had been the merest sham and that virtual control of a majority of the Board was exercised by the president. Actual fraud was thus established by the finding. Appellant cannot complain of divergence of facts found by the trial court here and a different court in a different suit. The courts of the federal system are of special and limited jurisdiction. The first inquiry in any of these tribunals must be directed to the end of discovering whether in fact the judge has the power to entertain and decide the controversy. In the inferior federal courts, this inquiry must be directed to the statutes by which Congress has authorized and empowered them to act.
 
 
 16
 The preliminary proceeding by the court was thus proper. In any event, Rule 42(b), Federal Rules of Civil Procedure, 28 U.S.C.A., permits the trial court to isolate any issue and try it first. No jury trial was involved, so that question does not arise. In the event that a trial had been held and the court had found that the corporation was not under domination, it would have been incumbent upon the court to dismiss upon the grounds of lack of jurisdiction. The chances are that, if a trial had been held and the evidence failed to show domination, the determination would have been upon the merits. This circumstance probably explains the lack of precedents. It appears then that the only point of appellant is that the trial court passed upon the question of its jurisdiction at the outset. Appellant would not have benefited by delay.
 
 
 17
 It must be held ever firmly in the field of view that the question is one of jurisdiction of the District Court. It has consistently been held through the whole history of the federal judiciary that jurisdiction depends upon the facts. If it be assumed that the appropriate allegations of jurisdiction appear in the pleadings and the cause has been fully tried and judgment entered, still, if the facts in the record do not show jurisdiction existed, the judgment must be set aside and the cause dismissed. If the case has been affirmed and the lack of such facts is found by the Supreme Court of the United States, the result must be the same.
 
 
 18
 A great many of these cases have been decided upon the allegations of the pleadings. If the appropriate allegations are made in the complaint to show the corporation under domination of the individual defendants and the corporation defends upon the same grounds and with the same lawyers as the individual defendants, it is apparent that a prima facie case is made. But, when the trial is over, the court might well find that the corporation was never dominated, but was at all times a free and uncontrolled agency. When such facts are established uncontrovertibly, jurisdiction is at an end and the parties must be realigned.
 
 
 19
 There seems to be no ground for saying, because no precedent appears in the books for the trial of these decisive questions at the threshold, it cannot be done. Either jurisdiction subsists or it does not. There is an absolute dichotomy. If any doubt existed, the Federal Rules of Civil Procedure now confirm the right of the court to try any issue separately and in advance of others.
 
 
 20
 It would be burdensome to the court and litigants if everyone were forced to accept allegations which all knew were false as a basis for jurisdiction and proceed to a long and expensive trial of the case, only to find by this arduous process that the allegations were untrue. Allegations are extremely easy to write. The tendency to abuse of stockholders' derivative actions is too well known to require comment. Once the facts are found, as here, proper realignment must be made and jurisdiction does not exist.
 
 
 21
 The dismissal of the second cause of action gives us pause. The ground of dismissal assigned by the trial court was 'want of equity'.[2] This ground was apparently based upon the failure of plaintiff to join United States Pictures, Inc., as a defendant in the second cause of action although it was a defendant in the first cause of action and its name appeared in the title. The second cause of action was asserted against Harry M. Warner and Jack L. Warner, citizens of California, as directors and officers of Warner Bros. Pictures, Inc., a corporation of Delaware. Since plaintiff was a resident and citizen of New York, realignment of Warner Bros., as a plaintiff, would not have destroyed jurisdiction. The lack of equity seems to have been based upon the feeling that the cause could not have been completely disposed of without the presence of United States Pictures, Inc.[3] But the provisions of Rule 19(b), Federal Rules of Civil Procedure, may have been applicable. There it is provided that the court in its discretion may proceed in the action without joining persons 'who ought to be parties if complete relief is to be accorded between those already parties,' if 'their joinder would deprive the court of jurisdiction of the parties before it'. Now, 'indispensable parties' are excluded from the provisions of this rule. The trial court did indicate that United States Pictures, Inc., was an 'indispensible party.'[4] However, there is an apparent confusion in this statement. It may be that the trial court considered the question of whether a claim was stated in the so-called 'second cause of action' since a holding that United States Pictures, Inc., is an indispensable party may involve a ruling that this count does not state a justiciable claim against Harry M. Warner and Jack L. Warner. But the trial court seemed to feel there were jurisdictional implications.[5] No opportunity to amend was given, which normally follows a ruling on motion to dismiss.
 
 
 22
 This Court does not rule upon the question of whether a claim could be stated against the directors for alleged breach of trust to their own profit, absent United States Pictures, Inc., if Warner Bros. were realigned.[6] It is doubtful whether the trial court ruled on the point, and we do not reach it.
 
 
 23
 We hold the trial court should have determined the legal sufficiency of the 'second cause of action' against the Warners before proceeding to a determination of the status of the parties and the necessity of joining United States Pictures, Inc., and thus destroying jurisdiction.[7]
 
 
 24
 Affirmed as to the first cause of action. Reversed and remanded as to the second.
 
 
 
 [1]
 Smith v. Sperling, D.C., 117 F.Supp. 781
 
 
 [2]
 117 F.Supp. 781, 811
 
 
 [3]
 United is referred to variously by the trial court as 'not * * * subject to 'necessary joinder' by the terms of Rule 19(a)'; as 'clearly a person who 'ought to be' a party within the meaning of Rule 19(b)'; and as 'one of the 'parties so indispensable that a court of equity will not proceed to final decision without them". 117 F.Supp. 781, 810
 
 
 [4]
 117 F.Supp. 781, 810. See Note 3 above
 
 
 [5]
 'So in the case at bar, although diversity jurisdiction may exist as to the second cause of action, the question still remains whether the second cause of action is within the equity jurisdiction of this court'. 117 F.Supp. 781, 809-810. See State of Washington v. United States, 9 Cir., 87 F.2d 421, 427
 
 
 [6]
 Cf. Western States Life Insurance Co. v. Lockwood, 166 Cal. 185, 135 P. 496; Reid v. Robinson, 64 Cal.App. 46, 220 P. 676
 
 
 [7]
 Bourdieu v. Pacific Western Oil Co., 299 U.S. 65, 57 S.Ct. 51, 81 L.Ed. 42. Cf. Calcote v. Texas Pacific Coal & Oil Co., 5 Cir., 157 F.2d 216, 167 A.L.R. 413; United States v. McIntire, 9 Cir., 101 F.2d 650