Charles B. SMITH, as Special Administrator of the Estate of Edward S. Birn, Deceased, Appellant,

v.

Milton SPERLING et al., Appellees.

No. 16387.

United States Court of Appeals Ninth Circuit.

April 20, 1960.

Moss, Lyon & Dunn, Herman H. Levy, Los Angeles, Cal., for appellant.

Freston & Files, Eugene D. Williams, Ralph E. Lewis, H. R. Kelly, Los Angeles, Cal., Oliver B. Schwab, Schwab & Sears, Beverly Hills, Cal., for appellees.

Before CHAMBERS, MAGRUDER and JERTBERG, Circuit Judges.

PER CURIAM.

This case was up on appeal previously. Smith v. Sperling, 9 Cir., 1956, 237 F.2d 317, reversed, 1957, 354 U.S. 91, 77 S.Ct. 1112, 1 L.Ed.2d 1205.

It started by the filing on December 15, 1948, of a typical minority stockholder's derivative suit brought by the plaintiff, a citizen of New York, against Warner Bros. Pictures, Inc., and United States Pictures, Inc., both Delaware corporations, and against certain named individuals, Harry M. Warner, Jack L. Warner, and Milton Sperling, all citizens of California. Sperling was the son-in-law of Harry M. Warner. Originally the complaint contained three causes of action, but the third suit was dismissed without prejudice several years ago, and we are now concerned only with the first and second causes of action.

The first, brought against all the defendants, charged that a certain contract for the production of motion pictures, and subsequent modifications thereof, had been made improperly by Warner Bros. Pictures, Inc., with United States Pictures, Inc., as a result of domination of the former corporation by the stock control of the Warner brothers, for the purpose of enriching United States Pictures, Inc., and its president, Milton Sperling, at the expense of Warner Bros. Pictures, Inc. The relief sought was the cancellation of the contract. This relief has now become moot with the expiration of the contract, and what the minority stockholder is presently seeking is a financial reimbursement to Warner Bros. Pictures, Inc., for errors or misrepresentation of the contract during the time it was being administered.

After a lengthy hearing, the district court found as a fact that though the individual defendants, the Warner brothers, had sufficient stock ownership to control the election of the directors of Warner Bros. Pictures, Inc., such directors were not, as alleged in the complaint, "dominated" by them, but had approved the contract in good faith and in the exercise of their independent business judgment as being a sound business arrangement for the best present and future interest of Warner Bros. Pictures, Inc. Therefore the district court thought that, so far as the first cause of action was concerned, Warner Bros. Pictures, Inc., should be realigned as a party plaintiff, and as thus realigned there would be no diversity of citizenship. Hence the district court entered an order dismissing the first cause of action for lack of jurisdiction. Smith v. Sperling, D.C.S.D.Cal.1953, 117 F.Supp. 781.

The second cause of action was different in that United States Pictures, Inc., was not named as a defendant, and the complaint charged mismanagement of Warner Bros. Pictures, Inc., by the individual defendants as officers and directors of the corporation, all to the large pecuniary loss of the corporation. This cause of action the district court also

dismissed, but on the merits for lack of equity.

On appeal this court thought the district court was right as to the first cause of action, but reversed its action as to the second and remanded the case to the district court for trial on the merits of the second cause of action. 237 F.2d 317. Upon certiorari issued by the Supreme Court, that Court held, as to the first, that whether or not the directors of Warner Bros. Pictures, Inc., were "dominated" by Messrs. Warner, as to which the Supreme Court of course did not undertake to decide, nevertheless if the corporation through its board of directors refused to bring a suit, even though the directors were acting independently and in good faith, it was improper for the district court to realign the corporation as a party plaintiff and thus to defeat the federal jurisdiction. Accordingly, in reversing our determination, the Supreme Court remanded the case to the district court for trial of the first cause of action on the merits. 354 U.S. 91, 77 S.Ct. 1112, 1 L.Ed.2d 1205.

Because there was some overlapping of the jurisdictional issues as conceived by the district court and the issues on the merits, the earlier trial in the district court was very extensive. It was stipulated that all the evidence taken at the first trial should be considered on the merits.

The district court, pursuant to the remand, resumed its hearings and much further evidence was offered and received. Appellant offers no objection that any evidence on his behalf was improperly excluded. Finally, on December 17, 1958, a new set of findings was issued by the district court, and judgment was entered on the basis of these findings dismissing both the first and the second causes of action on the merits. The judgment now on appeal specifically contained a clause stating that:

"[T]his judgment of dismissal shall not operate as an adjudication upon the merits as to any claims arising from alleged non-performance or breach of any contract, or amendment or supplement thereto, between Warner Bros. Pictures, Inc., and United States Pictures, Inc.; nor as to any claim arising from the payment by Warner Bros. Pictures, Inc., of $78,000 as 'severance pay' to Joseph Bernhard."

On the findings of fact by the district court, which seem to us to be adequately supported by the evidence, we think that the district court's judgment of dismissal was inevitable and correct. There is no doubt that the production contract with United States Pictures, Inc., proved in operation to be very lucrative to Warner Bros. Pictures, Inc. Under the contract, Warner Bros. Pictures, Inc., received and handled all the gross receipts from the exploitation of the pictures and allocated the same in accordance with its terms. There was testimony by an employee of Price, Waterhouse & Company, independent auditors for both corporations, that the accounting practices of each were in accordance with the practices acceptable in the industry. Appellant does not claim that defendant, United States Pictures, Inc., diverted to improper uses any of the gross receipts. The trial judge found, as he had in substance found previously, as follows:

"The Court finds that the said Board of Directors acted in good faith, without fraud, coercion or domination of any person or persons whatsoever; that in considering and passing upon said matters said Board and the members thereof intended to and did act in the interest of Warner Bros. and exercised its and their independent business judgment; and that its and their decision, as above set forth, was the exercise by it and them of such independent business judgment; that such matters were matters properly before said Board and properly the subject of the exercise by it of its said independent business judgment."

A judgment will be entered affirming the judgment of the District Court.