Samuel S. DUFFEY, Individual, David Deserio, Individual, Plaintiffs-Appellants,

v.

D.C. WHEELER, Individual, H. Thomas Hirsch, Individual, H. Thomas, P.C., a Texas Professional Corporation, Challenge Energy, Inc., a Florida Corporation, Defendants-Appellees.

No. 86–3577.

United States Court of Appeals, Eleventh Circuit.

July 2, 1987.

George LaMarca, Williams, LaMarca, Marcucci, Wiggins & Anderson, P.C., West Des Moines, Iowa, Richard S. Webb, IV, Duffey, Judd, Webb & Wood, P.A., Sarasota, Fla., for plaintiffs-appellants.

Ronald Alexander Cyril, Michael A. Connolly, Nelson, Hesse, Cyril, Smith, Widman & Herb, Sarasota, Fla., for defendants-appellees.

Before GODBOLD and ANDERSON, Circuit Judges, and SWYGERT[*], Senior Circuit Judge.

ANDERSON, Circuit Judge:

Jurisdiction of this shareholders derivative action is based solely on diversity of citizenship. In this case, we are asked to decide whether a corporation in a shareholder's derivative action should be realigned as a party plaintiff for diversity purposes when the corporation management is deadlocked.

Challenge Energy, Inc. is a Florida corporation. Plaintiffs Duffey and DeSerio are Florida citizens. Defendants Wheeler, Hirsch, and H. Thomas Hirsch & Associates, P.C. are Texas citizens. It is the status of Challenge Energy for purposes of determining diversity jurisdiction that is at issue in this case, that is, although the corporation was named as a nominal defendant in the complaint, plaintiffs assert that the corporation should be realigned as a party plaintiff.

Duffey owns 17.5% of the outstanding capital stock of Challenge Energy and serves as the corporation's Vice President and Secretary. Wheeler controls 77.5% of the outstanding capital stock and serves as President of Challenge Energy. The corporation has only the two officers and the same two persons are the sole directors. The by-laws provide for a quorum at shareholders meetings of 85% of the shares entitled to vote. Thus, the corporation cannot undertake any action absent an agreement between Duffey and Wheeler. That is, the directors are split evenly, Duffey on one side and Wheeler on the other. Similarly, the shareholders are deadlocked since there can be no quorum without Duffey's 17.5%.

Plaintiffs Duffey and DeSerio filed their complaint in federal court, alleging that any request of the corporation to undertake this action in its own behalf would be futile because management of the corporation was deadlocked. Plaintiffs further alleged that the management's division did not make Challenge Energy antagonistic to the plaintiffs, but merely incapable of undertaking the action on its own behalf. Thus, plaintiffs maintain that naming Challenge Energy as a defendant was a mere formality and that the corporation remained the real party in interest throughout the course of the proceedings.

■ Defendants Wheeler and Challenge Energy failed to respond to the complaint

[*] Honorable Luther M. Swygert, Senior U. S. Circuit Judge for the Seventh Circuit, sitting by designation.

and a default judgment was rendered against them. Defendants Hirsch and Hirsch & Associates, P.C. filed motions to dismiss for lack of subject matter jurisdiction. Plaintiffs filed a motion to realign defendant Challenge Energy as a party plaintiff. The district court denied plaintiff's motion to realign and granted the motion of defendants Hirsch and Hirsch & Associates, P.C. to dismiss for lack of complete diversity. Plaintiffs appeal from this ruling arguing that in all cases except those in which a corporation is actually controlled by management antagonistic to the plaintiffs the corporation is realigned as a party plaintiff. We agree.

 Precedent persuades us that retaining the corporation as a party defendant in a shareholder's derivative action is an exception to the general rule that the corporation is properly realigned as a plaintiff since it is the real party in interest. *Koster v. Lumbermens Mutual Casualty Co.*, 330 U.S. 518, 522–23, 67 S.Ct. 828, 831, 91 L.Ed. 1067 (1947) (general rule is that shareholder's derivative action "is not [the shareholder's] own but the corporation's. It is the real party in interest and he is allowed to act in protection of its interest somewhat as a 'next friend' might do for an individual, because it is disabled from protecting itself."); *Smith v. Sperling*, 354 U.S. 91, 96–97, 77 S.Ct. 1112, 1116, 1 L.Ed.2d 1205 (1957) (exception applies whenever antagonism is evident on the face of the pleadings and by the nature of the controversy. Such antagonism exists where "it is plain that the stockholder and those who manage the corporation are completely and irrevocably opposed."). This exception has been narrowly constructed. *Taylor v. Swirnow*, 80 F.R.D. 79, 83 (D.Md.1978). Cases in which courts have condoned retaining the corporation as a party defendant occur only where the corporation has been found to be "actively antagonistic" to the plaintiff's interests. *Swanson v. Traer*, 354 U.S. 114, 77 S.Ct. 1116, 1 L.Ed.2d 1221 (1957); *Reilly Mortgage Group v. Mt. Vernon Savings & Loan*, 568 F.Supp. 1067 (E.D.Va.1983); *Rogers v. Valentine*, 306 F.Supp. 34 (S.D.N.Y.1969), *aff'd*, 426 F.2d 1361 (2d Cir.

1970). Conversely, in instances which are factually similar to the case at hand, i.e., cases in which the corporation's management or its shareholders are deadlocked with respect to a particular issue, courts have realigned such corporations as party plaintiffs. *Liddy v. Urbanek*, 707 F.2d 1222 (11th Cir.1983); *Kartub v. Optical Fashions*, 158 F.Supp. 757 (S.D.N.Y.1958). Mere inaction, or inability to act on the part of the corporation, because of a deadlock between those who control the corporation has not been found to be the equivalent of active antagonism. *Id.* at 758–59.

The judgment of the district court is accordingly reversed and remanded for proceedings not inconsistent with this opinion.

REVERSED and REMANDED.