**DUKE & BENEDICT, INC., Individually and on behalf of University Parkway Associates, Ltd., Plaintiff,**

v.

**Bert L. WOLSTEIN and John R. McGill, as co-partners doing business as W & M Properties; Bert L. Wolstein, individually; Developers Diversified Realty Corporation; and University Parkway Associates, Ltd., Defendants.**

No. 93–421–CIV–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

July 15, 1993.

Robert Wesley Hendrickson, III, Daniel, Harrison, Woodward & Hendrickson, P.A., Bradenton, FL, for plaintiff.

Jerry Ray Linscott, Baker & Hostetler, Orlando, FL, for defendants.

### ORDER ON PLAINTIFF'S MOTION TO AMEND ITS COMPLAINT AND TO REMAND THE ACTION TO STATE COURT

KOVACHEVICH, District Judge.

This cause comes before the Court on Plaintiff DUKE AND BENEDICT, INC.'s (D & B), motion to amend their complaint and remand to state court on the grounds of lack of diversity subject matter jurisdiction, filed April 13, 1992, Docket # 11 and memorandum in opposition, filed April 23, 1993, Docket # 13. The amended complaint seeks to add a count for rescission of a contract and join UNIVERSITY PARKWAY ASSOCIATES, LTD. (University) as a party defendant.

### BACKGROUND

On or about February 8, 1993, Plaintiff D & B, on behalf of itself and on behalf of University Parkway Associates, Ltd. ("University"), a Florida limited partnership, commenced an action against Defendant, Bert L. Wolstein and John R. McGill, as co-partners doing business as W & M Properties, Bert L. Wolstein, individually, Developers Diversified Realty Corporation and University Parkway Associates, Ltd. (W & M), seeking legal and equitable relief.

D & B alleges that W & M's action violated the University Limited partnership agreement executed by W & M and D & B. In particular, the Complaint asserts claim for "Injustice or Relief", "Breach of Contract", "Breach of Fiduciary Duty", "Rescission", "Accounting" and "Breach of Implied Covenant of Good Faith and Fair Dealing". D & B now seek to add a count for "Conversion" and to add University as an indispensable party to the derivative action.

## DISCUSSION

■ It is a clear legal principle in Florida that limited partnerships and corporations are indispensable parties to derivative actions. *See, DiGiovanni v. All–Pro Golf, Inc.,* 332 So.2d 91 (Fla. 2nd DCA 1976) (corporation indispensable party to shareholder derivative action). In the current case, D & B have asserted a derivative cause of action in Count I seeking recision of a contract. Therefore, according to *DiGiovanni,* University should be added as an indispensable party.

■ In adding University as a party this Court is faced with the second issue of whether subject matter jurisdiction still exists. Federal district courts have original jurisdiction over civil matters between citizens of different States where the amount in controversy exceeds $50,000.00. 28 U.S.C. Section 1332(a). Here, D & B seek to join University, a limited partnership. As a partnership, University is a citizen of each of its partners states, both general and limited. *See C.T. Carden v. Arkoma Associates,* 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990). Therefore, in adding University as a party, diversity would appear to be destroyed.

■ However, this Court, in adding University, has examined the issue as to whether University, as an indispensable party to an action brought by the partners of the limited partnership, should be aligned with the plaintiff or with the defendant. This Court finds that University's interest is antagonistic to that of the Plaintiffs and therefore cannot be aligned therewith.

■ The general rule is that a corporation is properly aligned as a plaintiff since it is the real party in interest. *Koster v. Lumbermens Mutual Casualty Co.,* 330 U.S. 518, 522–23, 67 S.Ct. 828, 831, 91 L.Ed. 1067 (1947). The question of whether to realign the corporation as a plaintiff or allow it to remain as a defendant is a "practical not mechanical determination and is resolved by the pleadings and the nature of the dispute." *Smith v. Sperling,* 354 U.S. 91, 97, 77 S.Ct. 1112, 1115, 1 L.Ed.2d 1205 (1957). In *Smith,* the stockholder appealed a decision whereby the Southern District Court of California realigned the corporation as a party plaintiff and then dismissed the action for lack of diversity. The United States District Court of Appeals of the Ninth District, 237 F.2d 317, affirmed and the stockholder, via his administrator, brought certiorari. The Supreme Court stated that the issue was "to determine the issue of antagonism on the face of the pleading and by the nature of the controversy." *Id.* at 354 U.S. 96, at 77 S.Ct. 1115. The Court held that where antagonism and hostility is found through the clash of management and shareholders then the courts may not realign the corporation as a party plaintiff. *Id.*

■ The United States District Court of Appeals of the Eleventh Circuit has examined this issue in *Liddy v. Urbanek. Liddy v. Urbanek,* 707 F.2d 1222 (11th Cir.1983). In *Liddy,* the defendant sought to add the corporation as an indispensable party and dismiss the case for lack of subject matter jurisdiction. The court stated that "[t]he plaintiff stockholder in a stockholder's derivative suit is 'at best the nominal plaintiff'". *Id.* at 1224, *citing, Ross v. Bernhard,* 396 U.S. 531, 538, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970). The court held that "[w]here controlling shareholders or dominant officials of the corporation are guilty of fraud or malfeasance, then antagonism is clearly evident and the corporation remains a defendant." *Id. See Swanson v. Traer,* 354 U.S. 114, 77 S.Ct. 1116, 1 L.Ed.2d 1221 (1957). In the current case, University is a limited partnership. The plaintiff is the limited partner, who has no say or control as to how the partnership is run. The defendant is the general partner of this partnership and has complete control over the management and affairs of this business. Therefore, in accordance with *Liddy,* University must remain a defendant and the case must be remanded to State Court.

■ "Keeping a corporation as a party defendant in a shareholder's derivative action is an exception to the general rule that the corporation is properly realigned as plaintiff since it is the real party in interest." *Duffey v. Wheeler,* 820 F.2d 1161, 1163 (11th Cir. 1987). The *Duffey* court held that where the

shareholders or officers are merely deadlocked or unable to reach an agreement, antagonism does not exist. *Id.* The court reasoned that mere inaction is not equivalent to antagonism. *Id.* By analogy the current case does have hostile management and antagonism, there is more then a deadlock between controlling interests. A limited partnership has no controlling interest nor any voice in how a partnership conducts its business affairs. Therefore, unlike *Duffey*, there is active antagonism and University must be a party defendant in this derivative action.

W & M, defendants, argue that this Court is not permitted to allow University to be joined as a party defendant under 28 U.S.C. 1367(b), which states that a court "shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19 ... of the Federal Rules of Civil Procedure ...;, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." 28 U.S.C. Sec. 1367. In trying to interpret the meaning of this Code Section this Court examined the legislative intent. The House Report Statement that the provision's purpose was to prevent the district courts from:

> hear[ing] plaintiffs' supplemental claims when exercising supplemental jurisdiction would encourage plaintiffs to evade the jurisdictional requirement of 28 U.S.C. Section 1332 by the simple expedient of naming initially only those defendants whose joinder satisfies section 1332's requirements and later adding claims not within original jurisdiction against other defendants who have intervened or been joined on a supplemental basis.

H.R.Rep. No. 734, 101st Cong., 2d Sess. at 29, U.S.Code Cong. & Admin.News pp. 6803, 6875, quoted in R. Marcu, M. Redish & E. Segerman, *Civil Procedure: A Modern Approach* (Supp.1991) at 148. The situation here is conversely analogous to that which is contemplated by the statute. Here the Plaintiffs waited to assert a claim and join a party until after original jurisdiction has been established by the defendants. The Plaintiffs here hope to destroy jurisdiction by joining a party which could have been joined initially, yet was not.

In examining cases subsequent to the statutory amendment, there is evidence that, despite the language and the legislative notes accompanying it, the district courts have held that where there is an indispensable party which destroys diversity the case must be dismissed for lack of subject matter jurisdiction. *Whalen v. Carter,* 954 F.2d 1087 (5th Cir.1992), *See also Freeport–McMoran, Inc., v. K N Energy, Inc.,* 498 U.S. 426, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991). Therefore, like *Whalen,* joining of University as an indispensable party destroys diversity and requires this court to remand this action to the state court. Accordingly, it is

**ORDERED** that the Motion to Amend and Add University as an Indispensable Party be **granted.**

**ORDERED** that the Motion to Remand back to State Court be **Granted** and the Clerk of the Court be **directed** to remand this case to the Clerk of the Court for the 12th Circuit for Manatee County of Florida.

**DONE AND ORDERED.**