**FIRST NATIONAL BANCSHARES OF BELOIT, INC.; Jerome J. Eilert; Thomas H. Conroy; Frances Gronewoller; Robert L. Lampert; Phil G. Thull; F.W. Lampert Trust B; Andra V. Lampert; Frances Gronewoller as Custodian for Eric, Paul, and Aaron Lampert; and Robert D. Meats, Plaintiffs/Counter-defendants,**

v.

**Joseph S. GEISEL, JR., Edward P. O'Connor, Terrence J. Lillis, Co–Trustees of Frances H. Giblin Trust No. 1; and Terrence J. Lillis, Guardian and Conservator of Frances H. Giblin, Defendants/Counter-claimants.**

Civ. A. No. 92–4279–DES.

United States District Court, D. Kansas.

May 20, 1994.

---

See also, 810 F.Supp. 1225.

Charles D. Green, Arthur, Green, Arthur, Conderman & Stutzman, Manhattan, KS, James L. Grimes, Jr., Foulston & Siefkin, Topeka, KS, for plaintiffs.

Roger D. Stanton, Stinson, Mag & Fizzell, Overland Park, KS, John C. Noonan, Teresa L. Clark, Stinson, Mag & Fizzell, Kansas City, MO, M.J. Willoughby, Lawrence, KS, for defendants.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the motion of the individual plaintiff minority shareholders, who seek realignment of plaintiff First National Bancshares of Beloit, Inc. as a party defendant and dismissal of the action for lack of subject matter jurisdiction on the basis of incomplete diversity (Doc. 119).

The plaintiffs, a bank holding company and its minority shareholders, initially filed this action in the District Court of Mitchell County, Kansas, on November 5, 1992. The defendants, the co-trustees of the Frances H. Giblin Trust No. 1 and the conservator of Frances H. Giblin,[1] removed the action to this court on the basis of diversity pursuant to 28 U.S.C. § 1332. The defendant trust was established for the benefit of Frances H. Giblin during her lifetime, and it is the majority shareholder of plaintiff First National Bancshares of Beloit, Inc. ("the holding company"). The holding company in turn owns 100 percent of the stock of the First National Bank of Beloit.

Plaintiffs essentially seek to enforce an alleged stock option agreement originally executed by Frances H. Giblin in 1982 and modified in 1989 by Frances H. Giblin individually and by Frances H. Giblin and Jerome J. Eilert, then the co-trustees of the inter vivos trust. The option agreement at

---

1. On March 21, 1991, Frances H. Giblin was determined legally incapacitated by the Probate Division of the Circuit Court of Jackson County, Missouri, where she presently resides.

issue purports to give the plaintiff holding company a first right and option to purchase the trust's stock in the holding company for a flat price of $1,898,803 within one year after the death of Frances H. Giblin. All parties agree that this figure significantly understates the present value of the trust's 770 shares,[2] which constitute 61 percent of the outstanding voting stock of the plaintiff holding company. The remaining 39 percent of the outstanding stock is collectively owned by the other plaintiffs to this action (hereinafter "minority shareholder plaintiffs").

The defendants, who represent the interests of Frances H. Giblin, the lifetime beneficiary of the inter vivos trust, have repudiated the alleged option agreement by communicating their intent to revoke it. Among other claims, the minority shareholder plaintiffs bring this suit as a shareholder derivative action on behalf of the holding company. They allege that the defendants, as recently elected directors of the holding company, wrongfully refuse to take action in the interest of the corporation to enforce the option agreement against the trust. The defendants have filed a counterclaim seeking a declaratory judgment to the effect that both the 1982 option contract and the 1989 modification are unenforceable for lack of consideration.

The minority shareholder plaintiffs have filed a motion to dismiss this action for lack of subject matter jurisdiction. They contend that the holding company should be realigned as a party defendant to this action, because control of the holding company was effectively transferred to the defendants on May 23, 1993, when by voting the trust's shares they reduced the number of directors from six to five and elected themselves directors. Since that time, the holding company has adopted a resolution to actively oppose the individual plaintiffs' pending action by joining with the trust as the majority shareholder, and to defend against any claim asserted by the individual plaintiffs to challenge the right of the holding company to decide whether to enforce the option agreement.[3] Hence, the individual plaintiffs argue that the defendants, as directors of the corporation, have assumed a position hostile to that of the individual plaintiffs. If the holding company, a Kansas corporation, were to be realigned as a party defendant to this action, the individual plaintiffs, who are all Kansas citizens, argue that diversity would no longer be complete. They therefore contend that the action should be dismissed for lack of subject matter jurisdiction.

In a shareholder derivative suit, as a general rule the corporation is properly aligned as a plaintiff, since it is the real party in interest. *Duffey v. Wheeler*, 820 F.2d 1161, 1163 (11th Cir.1987) (citations omitted). There is an exception, however, if the pleadings themselves and the nature of the controversy indicate that the corporation is controlled by persons antagonistic to the plaintiffs' claim. *Id.; see Smith v. Sperling*, 354 U.S. 91, 97, 77 S.Ct. 1112, 1115–16, 1 L.Ed.2d 1205 (1957). Such antagonism is present whenever corporate management is aligned against the plaintiff shareholder and defends a course of conduct that the plaintiff challenges. *Id.* at 95, 77 S.Ct. at 1114–15. In such cases, the corporation may be named as a party defendant by the minority shareholders. *See id.* at 97, 77 S.Ct. at 1115–16; *Duffey v. Wheeler*, 820 F.2d at 1163.

In this case, it is undisputed that the corporation is presently under the control of the defendants, who are antagonistic to the interests of the individual plaintiffs because of their fiduciary duties to protect the assets of the trust and the interests of Frances H. Giblin. The controlling issue in this case is whether or not the 1989 option agreement is revocable. An affirmative finding benefits the defendants in their capacities as co-trustees of the trust and the conservator for Frances H. Giblin. A finding in the negative is clearly to the benefit of the holding company, since exercise of the option agreement would permit the corporation to retire 61 percent of its outstanding stock at a price far below its current fair market value. The

---

**2.** Defendants contend that the trust's stock is worth more than $4.5 million.

**3.** *See* Doc. 145, filed January 20, 1994, and attached resolution, which was apparently adopted sometime after September 16, 1993.

minority shareholders would also benefit, because they would collectively own 100 percent of the outstanding stock, and the value of each remaining share would increase substantially. The court therefore agrees with the movants that the interests of those presently controlling the corporation are antagonistic to the interests of the minority shareholder plaintiffs.

■ Nevertheless, the facts supporting realignment of the parties must be in existence at the time the action is commenced by the filing of the complaint. *See Farmers Alliance Mutual Ins. Co. v. Jones,* 570 F.2d 1384, 1387 (10th Cir.1978), *cert. denied,* 439 U.S. 826, 99 S.Ct. 97, 58 L.Ed.2d 119 (1978); 3A *Moore's Federal Practice,* ¶ 19.03, at 19–56 (1993); *see also Smith v. Sperling,* 354 U.S. at 96, 77 S.Ct. at 1115 (issue of antagonism is to be determined on the face of the pleadings and by the nature of the controversy). In this case, the facts supporting realignment did not exist at the time the complaint was filed, at which time the corporation's board of directors was not under the control of the defendants to this action. Indeed, at the time the complaint was filed, the action was quite properly brought in the name of the holding company, which stands to benefit if the option agreement is declared irrevocable.

Furthermore, only one of the several counts asserted in this action alleges a shareholder derivative action by the minority shareholders, on behalf of the corporation, against the newly elected directors (Count IV). The essence of this lawsuit seeks a declaration that the 1989 option contract is irrevocable. However, the minority shareholders also assert their own claims directly against the defendants on the basis of implied contract and promissory estoppel.

Therefore, even assuming the court were to realign the parties as desired by the movants with regard to the shareholder derivative action, subject matter jurisdiction would be defeated only with regard to one of the remaining counts.[4] Complete diversity would still exist with regard to those counts brought by the minority shareholders alone against the representatives of Frances H. Giblin and her inter vivos trust.

To the extent this court has diversity jurisdiction over one or more of the counts asserted in the complaint, the court in its discretion may exercise supplemental jurisdiction over all other claims that are so related as to form part of the same case or controversy. *See* 28 U.S.C. § 1367(a).[5] All of the claims asserted by the plaintiffs in this action are unquestionably interrelated and arise out of the same controversy related to the enforceability of the option agreement in question. The shareholder derivative claim is therefore appropriate for the exercise of supplemental jurisdiction, even if complete diversity, and hence subject matter jurisdiction, were otherwise lacking for that particular claim.

**IT IS BY THE COURT THEREFORE ORDERED** that the minority shareholder plaintiffs' motion to realign parties and dismiss this action for lack of subject matter jurisdiction (Doc. 119) is hereby denied.

4. In an order filed May 17, 1994, the court dismissed several of the other claims asserted by the plaintiffs. *See First National Bancshares of Beloit, Inc. v. Geisel,* 853 F.Supp. 1337 (D.Kan. 1994).

5. 28 U.S.C. § 1367(b) precludes the exercise of supplemental jurisdiction in diversity cases over (1) claims *by plaintiffs* against persons made parties under Fed.R.Civ.P. 14, 19, 20, and 24; or (2) claims by persons proposed to be joined as plaintiffs under Fed.R.Civ.P. 19 or seeking intervention as plaintiffs under Fed.R.Civ.P. 24, when the exercise of such jurisdiction would be inconsistent with diversity requirements under § 1332. Neither subsection applies in this case. The minority shareholder plaintiffs' motion to realign does not seek to assert claims against any third-party defendant (Rule 14(b)), join a party (Rules 19 and 20), or intervene (Rule 24). Rather, the holding company is already a party by virtue of filing the complaint jointly with the minority shareholder plaintiffs.