Chester L. TRABUCCO, Plaintiff,

v.

Christopher CARLILE, Defendant.

No. CIV. 98–1106–JO.

United States District Court,
D. Oregon.

June 29, 1999.

Thomas V. Dulcich, Michael A. Cohen, Schwabe Williamson & Wyatt, Portland, OR, for Plaintiff.

John F. McGrory, Patricia L. McGuire, Davis Wright Tremaine, Portland, OR, for Defendant.

## OPINION AND ORDER

ROBERT E. JONES, District Judge.

This action is between two of four shareholders in a closely-held corporation, C & E Communications, Inc. ("C & E"). C &

E was formed for the purpose of profiting from the ownership of billboards. Earlier motions in this case resulted in an order requiring plaintiff to plead his claims with particularity. The first amended complaint, filed on April 21, 1999, sets out in great detail defendant's alleged wrongdoing. *See* First Amended Complaint, ¶¶ 2–7.

The case is again before the court on defendant's motion to dismiss the complaint (# 24). For the reasons explained below, defendant's motion is denied.

## DISCUSSION

Plaintiff is a citizen of Washington, defendant is alleged to be a citizen of Oregon, and the case is in this court based solely upon diversity of citizenship. Plaintiff alleges eight claims for relief, four of which are the subject of the present motion. The four claims specifically at issue are: breach of fiduciary duty (Second Claim); breach of implied covenant of good faith and fair dealing (Third Claim); declaratory judgment (Fifth Claim); and shareholder derivative action (Seventh Claim).

Defendant moves to dismiss the case under Rule 12(b)(1)(lack of subject matter jurisdiction) and Rule 12(b)(7)(failure to join party under Rule 19).[1] Defendant reasons as follows:

1. The four targeted claims are in fact derivative claims brought on behalf of the corporation, thus, the corporation, C & E, is an indispensable party.

2. Because C & E is indispensable, it must be added either as a defendant or as an involuntary plaintiff.

3. Regardless of whether C & E initially is named as a defendant, the court must realign C & E as a plaintiff.

---

1. Defendant also purports to bring the motion under Rule 12(b)(6)(failure to state a claim), but he does not contend that plaintiff has failed to properly allege his claims; instead, defendant argues only that the claims cannot proceed without adding C & E as a party, an action that (according to defendant) ultimately will destroy diversity jurisdiction.

4. The realignment of C & E, an Oregon corporation, as a plaintiff will destroy diversity as both defendant and C & E are citizens of the same state.

Based upon the above, defendant contends that the case must be dismissed.

## 1. Shareholder Derivative Suit

■ Defendant is correct that C & E is an indispensable party to plaintiff's shareholder derivative suit. This is because the claim sought to be enforced belongs to the corporation. *Smith v. Sperling,* 354 U.S. 91, 93, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957); *see also Liddy v. Urbanek,* 707 F.2d 1222, 1224 (11th Cir.1983); ORS 60.261.

■ Even though the corporation is the real party in interest, as a practical matter the corporation ordinarily is named first as a defendant, then, if appropriate, realigned as a plaintiff. *Liddy,* 707 F.2d at 1224. While as a general rule, realignment often is appropriate, it is not, as defendant suggests, automatic or required. The corporation should remain as a defendant if corporate management is "antagonistic" to the plaintiff shareholder. *Smith,* 354 U.S. at 95–96, 77 S.Ct. 1112; *Liddy,* 707 F.2d at 1224.

■ "Antagonism" in this context does not necessarily mean something "sinister" but "may be sincere." *Smith,* 354 U.S. at 94, 77 S.Ct. 1112. While antagonism may be found on allegations of fraud, breach of trust, illegality, and the like (all of which are alleged in this case), antagonism may also be found whenever the management refuses to take action or honestly believes in the wisdom of the course of action it took. *Id.* Antagonism also exists whenever "the management is aligned against the stockholder and defends a course of conduct which he attacks." *Id.* at 95, 77 S.Ct. 1112. The *Smith* Court explained, "[t]here is jurisdiction if there is real colli-

sion between the stockholder and his corporation." 354 U.S. at 97–98, 77 S.Ct. 1112. Or as the *Liddy* court more fully explained,

> [I]f the complaint in a derivative action alleges that the controlling shareholders or *dominant officials of the corporation are guilty of fraud or malfeasance, then antagonism is clearly evident and the corporation remains a defendant.* * * * On the other hand, if the individual plaintiff is the majority stockholder or a controlling officer, then the corporation cannot be deemed antagonistic to the suit and it should be realigned as a plaintiff.

*Liddy,* 707 F.2d at 1224–25 (*citing,* among other cases *Smith, supra* (emphasis added)); *see also Duffey v. Wheeler,* 820 F.2d 1161, 1162 (11th Cir.1987)(antagonism exists "where 'it is plain that the stockholder and those who manage the corporation are completely and irrevocably opposed' " (citation omitted)).

In contrast, in circumstances where the corporation's management or, its shareholders are merely deadlocked with respect to a particular issue, courts normally realign the corporation as a party plaintiff. *Duffey,* 820 F.2d at 1162. This is because "[m]ere inaction, or inability to act on the part of the corporation, because of a deadlock between those who control the corporation has not been found to be the equivalent of active antagonism." *Duffey,* 820 F.2d at 1162.

In this case, plaintiff alleges that he is a 37.5 percent shareholder in C & E. He does not say what percentage of shares defendant owns, but Exhibit 4 to Plaintiff's Memorandum in Opposition reveals that at least in 1995, defendant owned 33.75 percent of the shares.[2] Two other persons (not parties) together held the remaining 24.25 percent of shares. Thus, plaintiff appears to be the majority shareholder.

---

2. Because this is a Rule 12(b)(1) motion, I may consider extrinsic evidence without converting the motion to a motion for summary

judgment. *See Roberts v. Corrothers,* 812 F.2d 1173, 1177 (9th Cir.1987); *Eitel v. Reagan,* 898 F.Supp. 734, 737 (D.Or.1995).

Nevertheless, the amended complaint alleges, in essence, that notwithstanding the above distribution of shares, defendant (who is C & E's president) controlled the day-to-day activities and the financial affairs of the corporation, in part through misrepresentations and fraud. In explaining why he failed to make a demand upon C & E to take action before he initiated the derivative suit (*see* ORS 60.261(2)), plaintiff alleges that

> [Defendant] is able to veto any action by the directors because a unanimous vote of all three directors, including [defendant] is needed for a board decision to investigate or prosecute this claim. Defendant * * * refused even to meet with [plaintiff] to discuss the claims of his malfeasance * * *. Under all the circumstances, it is unreasonable to expect that an admitted felon such as [defendant] * * * would vote to investigate or prosecute a claim of breach of fiduciary duty against himself by the corporation.

Amended Complaint, ¶ 36.

Defendant argues that the pleadings merely show the corporation to be deadlocked, which, under the rationale of *Duffey* and other cases, is insufficient to demonstrate antagonism and permit the corporation to remain a defendant. The pleadings, however, allege more than mere deadlock. Assuming for purposes of the pending motions that defendant in fact controlled C & E, and given the allegations of wrongdoing, malfeasance, fraud, and breach of fiduciary duty involved in this case, the reasoning of cases such as *Smith* and *Liddy* supports joinder of C & E as a defendant and does not require realignment of C & E as a plaintiff. Accordingly, defendant's motion to dismiss the Seventh Claim is denied. Plaintiff is ordered to amend the complaint and serve C & E as a defendant within 30 days of the date of this opinion.

## 2. Breach of Fiduciary Duty, Breach of Implied Covenant of Good Faith, and Declaratory Judgment

Defendant argues that plaintiff's claims for breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, and declaratory judgment are all derivative in nature and must be brought in the name of the corporation. Because plaintiff must in any event add C & E as a defendant, the motion to dismiss with respect to these claims is moot. I note, however, that at least in his Second and Third Claims (breach of fiduciary duty and implied covenant of good faith and fair dealing), plaintiff has alleged a special injury distinct from any harm to the value of the corporation, and may bring those claims directly. *See Kahn v. Sprouse*, 842 F.Supp. 423, 425 (D.Or.1993); *see also Loewen v. Galligan*, 130 Or.App. 222, 228, 882 P.2d 104 (1994).

### CONCLUSION

Defendant's motion to dismiss (# 24) is DENIED. Plaintiff is ordered to file and serve an amended complaint adding C & E Communications, Inc., as a party defendant within 30 days of the date of this opinion.